477 So.2d 1286 (1985)
Richard A. LIBERTINE, Plaintiff-Appellant,
v.
AETNA INSURANCE COMPANY, Defendant-Appellee.
No. 84-754.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*1287 Caliste Beard, Jr., Lafayette, for plaintiff-appellant.
Jeansonne, Briney & Goudelocke, Kathrine M. Loos, Lafayette, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Richard A. Libertine was hitchhiking on the Interstate 10 near Lafayette one night in 1981 when a pickup truck went past him, then stopped, then backed up along the shoulder to give him a ride. Libertine was still looking in the direction of oncoming traffic, and he did not see the truck. The truck hit him and knocked him down. Libertine sued the insurer of the truck. The trial court found that plaintiff's damages were $4,467.50, but comparing the negligence of plaintiff with the fault of the defendant's driver, the court found that Libertine was himself 75 percent to blame. Plaintiff's appeal from that judgment attacks the finding of his negligence. We find clear error in the trial court's assignment of 75 percent as the measure of Libertine's negligence. While we agree that he was to some extent responsible, it is our opinion that his contribution was no more than 20 percent, and we will amend the judgment to reflect the comparative negligence as 20-80 percent, and otherwise affirm.
The accident happened at night on March 14, 1982. Libertine had spent the afternoon at a city park and had consumed between two and three six packs of beer. As he stood on the shoulder of the westbound lane of the interstate, facing the oncoming traffic, he was struck from behind by a Ford pickup truck driven by Mr. James A. Gilmore. Unknown to the plaintiff, Mr. Gilmore had pulled over further up the highway and, intending to give Mr. Libertine a ride, had backed up to get closer to where Mr. Libertine stood. The plaintiff testified that he had not seen the pickup truck in the oncoming traffic, and that because of the heavy traffic he could not hear anything behind him. He was unaware of the pickup truck until it struck him in the back.
Mr. Gilmore took the plaintiff to the hospital where he was treated for his injuries. At the hospital a policeman came and filled out an accident report. A blood test showed a .23 percent blood alcohol reading. Dr. Roderick Perron, who treated Mr. Libertine that night, testified by deposition that he found the man "very oriented, very alert", and he had not been under the impression that he was intoxicated.
No witnesses were presented by the defendant insurer so what evidence we have of the accident consists of the testimony of *1288 Libertine and the information contained in the police report. Libertine said that the accident occurred one or two hours after sundown and that the weather was dry and clear. He was hitchhiking for a ride to his car which was parked at Exclusive Industries down the road, his place of employment. He testified that he had hitchhiked many times and whenever there was some sort of traffic he would check behind him often to make sure no one had stopped. At the time of the accident he had not looked behind for two to four minutes and was unaware of the pickup truck until it hit him.
The police report, filled out sometime after the accident, indicates that Mr. Gilmore stopped to pick up the hitchhiker and was unable to see him while backing up due to darkness and the dark clothing of the hitchhiker. The report further stated that the pedestrian appeared to be highly intoxicated and so blood was drawn with permission.
Based upon this evidence the trial judge found both parties at fault, with the degree of fault attributable to Mr. Gilmore, the driver, 25 percent, and the negligence of Mr. Libertine, 75 percent. The total amount of general damages sustained by Mr. Libertine was found to be $4,467.50, and a judgment was rendered awarding him $1,116.88.
Appellant contends that the trial court erred in finding any negligence at all attributable to him. Both parties in their briefs addressed the issue of whether Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978), applies. While this case was pending, the Louisiana Supreme Court decided Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985) holding that C.C. art. 2323, the comparative negligence law, now eliminates the necessity for the exception created by Baumgartner for pedestrian cases, and that cases like Baumgartner will henceforth be governed by the comparative fault doctrine.
The trial court did not explain how it reached its proportion of recovery. We shall look at the evidence, using the duty risk analysis, and compare the fault of the parties.
Everyone knows that hitchhiking on an Interstate highway is against the law. It is in violation of LSA-R.S. 32:263(C) which states "The use of any Louisiana interstate highway by pedestrian, bicycles, or other non-motorized vehicles is prohibited." The finding of negligence on the part of Mr. Libertine therefore depends on whether the risk of injury from a vehicle backing up on the shoulder of an interstate highway is within the scope of protection of this rule of law which prohibits a pedestrian from using the interstate highway. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
Where the rule of law relied upon for imposing a duty is based upon a statute, the court must attempt to interpret legislative intent as to the risk contemplated by the legal duty. Hill v. Lundin & Associates, Inc., supra. One of the purposes of a statute which prohibits persons whose mode of travel is virtually unprotected from using the interstate highways is to eliminate the hazard such a traveler encounters in his close proximity to fast moving motorized vehicles. The prohibition attempts to prevent the possibility of collision between the protected and the unprotected.
The risk anticipated by the statute, injury to an unprotected traveler, caused by a motorized vehicle, is the exact harm which occurred here. Although the collision occurred in an unusual manner, it was foreseeable that a vehicle might stop and back up on the highway shoulder to pick up the plaintiff. Mr. Libertine, himself, an experienced hitchhiker, testified that he often checked behind him just to make sure that no one had pulled over. We believe that the plaintiff's conduct in violating R.S. 32:263(C) is easily associated with the accident which occurred. The risk of injury of being struck by a backing vehicle is within the scope of protection of a rule of law which prohibits a pedestrian from using the interstate highway, and the plaintiff's per *1289 se negligence contributed to his injury. We therefore affirm the finding that the plaintiff was negligent.
Next, we compare his fault to the fault of the defendant motorist. C.C. art. 2323; Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985). The trial judge found the percentage of fault attributable to the plaintiff to be 75 percent and that of the defendant motorist to be 25 percent. A trier's findings as to percentages of fault are factual, and, in the absence of clear or manifest error, must be upheld on appeal. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir. 1984). For reasons given below we find the trial court committed manifest error in the percentages he assigned and we therefore amend the judgment.
As discussed above, plaintiff's fault consisted of hitchhiking on an interstate highway in violation of a statute. His fault created a risk of harm to himself and to no other person. We believe the defendant's fault to be more culpable. Mr. Gilmore spotted the plaintiff standing on the side of the road. He pulled over some distance behind the plaintiff and backed up for the sole purpose of getting nearer to the plaintiff. There is no question that Mr. Gilmore was aware of the plaintiff's presence and location the entire time, and still, with this actual knowledge, he struck the unsuspecting pedestrian. If the driver of a backing vehicle could reasonably have avoided the accident, he is responsible for injuries caused when he strikes a pedestrian in his path. Turner, supra. Mr. Gilmore was under no obligation to stop, but once he did so he was required to exercise reasonable care. He did not blow his horn or shout to catch the plaintiff's attention. Instead he chose to back up on a busy, noisy interstate highway. His intentions were good but his conduct was negligent. The consequences of his conduct created a greater risk of harm to others than did the plaintiff's, and the greater the risk of harm to others, the greater is the fault. Turner, supra. Accordingly, we fix the fault of Mr. Gilmore at 80 percent and that of Mr. Libertine at 20 percent. The judgment of the trial court is therefore amended to award plaintiff $3,574. In all other respects the judgment is affirmed, at appellee's costs.
AMENDED AND AFFIRMED.