594 So.2d 1025 (1992)
William FRANCIS, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, et al., Defendants-Appellees,
Highland Insurance Company, Intervenor-Appellant.
No. 90-751.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James M. Wilkerson, Lafayette, for defendant-appellant.
Plauche, Smith & Nieset, Allen Smith, Lake Charles, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
This is an automobile accident case. The plaintiff, William Francis, was injured on March 31, 1988 while working as an automobile detailer at Lake Charles Nissan. At the time, Francis was employed by Ultra Seal of Louisiana and was apparently working at the dealership by virtue of a contractual relationship between his employer and Lake Charles Nissan. His primary duty was to wash, wax and generally prepare new cars for delivery to customers. The collision occurred in a repair facility building which has a wide driveway in the center and repair stalls on each side of the driveway. Francis drove a Nissan Stanza into the building in a northerly direction. He then proceeded to back the car into the first stall in the southeast corner of the building. At the same time, Andrew Cormier, a repair technician employed by Lake Charles Nissan, had just completed work on a Nissan 300ZX in the southwest corner stall, which was directly across the driveway from the stall into which Francis was backing. Cormier backed the 300ZX straight out of the stall in an easterly direction and collided with the Stanza driven by Francis at some point just past the middle of the driveway. The Stanza sustained damage to the left front fender area primarily surrounding the wheel well. The *1026 300ZX had only a minor dent as a result of the accident.
Plaintiff alleged the collision injured primarily his neck and back, with residual numbness in his left leg. He named as defendants Cormier, Lake Charles Nissan and the Commercial Union Insurance Company, the insurer of Lake Charles Nissan, claiming that the negligence of Cormier was the proximate cause of the accident and his resulting injuries. Lake Charles Nissan was alleged to be vicariously liable for plaintiff's injuries under the doctrine of respondeat superior embodied in La.C.C. art. 2320. Highland Insurance Company, Ultra Seal's worker's compensation carrier, intervened in the suit to recover medical expenses and compensation benefits paid on behalf of and to Francis. Prior to trial, the parties stipulated that Highland had expended $7,043.30 in medical payments and $1,966.90 in compensation benefits.
After trial on the merits, the court concluded that "the plaintiff has not proven his case". Accordingly, it rendered judgment in favor of the defendants and against the plaintiff and intervenor dismissing plaintiff's suit. Francis asserts on appeal that the trial court's conclusion was erroneous. We agree and, for the following reasons, reverse and render judgment in favor of plaintiff and intervenor.

LIABILITY
La.R.S. 32:281(A) provides that "[t]he driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic". In Turner v. New Orleans Public Service Inc., 476 So.2d 800, 802 (La.1985), the Louisiana Supreme Court, in citing the above quoted statute, stated the rule that "backing [a vehicle] without knowing whether it can be safely done is grossly negligent". This principle has been followed by the Courts of Appeal in subsequent cases such as Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3rd Cir.1987), writ denied, 515 So.2d 807 (La.1987); Ward v. Schwegmann Giant Super Markets, Inc., 538 So.2d 1051 (La.App. 4th Cir.1989). The driver of a backing vehicle has a high duty of care to determine whether it can be done safely. Andrews, supra, at 496. Although the accident in question occurred on private premises, the general principles above set forth are applicable in determining the issue of negligence.
The record reveals that Lake Charles Nissan required all service personnel to blow the car horn intermittently to warn others when entering or moving around in the garage. Francis and Tommy Claridy, a witness to the accident, testified that Francis did so and Cormier did not. In contrast, Cormier and Raymond Cook, another witness, stated that Cormier complied with the rule and Francis did not. Francis stated that, when he was backing into the southeast repair stall, he was looking over his right shoulder to make sure the Stanza would clear the stall dividing post. He was not looking to his left where Cormier was backing the 300ZX. His right hand was on the armrest and his left hand was on the wheel. He testified that Cormier was getting into the 300ZX when he pulled into the garage and that his vehicle was nearly completely in the southeast stall when he felt the jolt of the collision. Cormier stated that he saw Francis drive into the garage toward the front of the building and assumed that he would proceed to the front. He turned his body to the right to look at the driveway area and began to back. He looked towards the front of the 300ZX to determine if the front fender would clear the stall post. Thus, while backing, neither Francis nor Cormier saw each other or realized that the other was also backing.
Findings as to fault are factual and should be upheld on appeal unless clearly wrong. Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985); Libertine v. Aetna Insurance Co., 477 So.2d 1286 (La.App. 3rd Cir.1985). The trial judge's conclusion as to fault is clearly erroneous. While the testimony conflicts as to whether either or both sounded the car's horn before moving, it is clear, without evidentiary conflict, that neither driver took the necessary precautions before undertaking a backing maneuver. *1027 Neither driver was keeping a proper lookout. Each failed to carry out his high duty to insure that he could back with reasonable safety both before and during the maneuver. Accordingly, we conclude that this accident was caused by the mutual and equal fault of Francis and Cormier. The trial court clearly erred in holding to the contrary. Accordingly, we reverse the judgment of the trial court and find for plaintiff and intervenor fixing the fault of Francis at 50% and that of Cormier at 50%.

QUANTUM
Francis testified that he did not realize he was injured until approximately fifteen minutes after the accident. His brother drove him to the hospital where he was examined by Dr. Carl W. Ross, his family physician. Initially, he complained of neck, back, shoulder and leg pain. Dr. Ross admitted Francis to Lake Charles Memorial Hospital where he stayed for four days. Dr. Ross observed spasms in Francis' back, but a CAT scan revealed no disc herniation. On April 18, 1989, Francis was examined by Dr. Robert Bernauer, an orthopedic surgeon. He initially prescribed physical therapy. Two weeks later, Dr. Bernauer diagnosed a cervical and lumbar strain with a decreased range of motion in the back. A second CAT scan was normal except for a minimal bulge at L4-5. A magnetic resonance imaging (MRI) test was also normal. Dr. Bernauer detected no spasms or other objective symptoms. Both doctors concluded that Francis was not exaggerating his complaints of pain and they each stated that the treatments and tests prescribed were necessary. The record reflects that Dr. Bernauer released Francis to go to work on September 7, 1988. Francis saw Dr. Bernauer once thereafter, on September 30, 1988 because of continuing pain. Francis tried to return to Ultra Seal but the company did not have enough work to rehire him. He remained unemployed until December 1988 when he was hired as a porter by Radford Buick in Lake Charles. At trial, Francis testified that he still has some residual pain.
Based on the foregoing facts, we feel that an award of $10,000.00 in general damages and an award of $9,010.20 in special damages is appropriate in this case. In accordance with our apportionment of fault, we reduce the recovery due plaintiff and intervenor by 50%. The right of intervenor, Highland Insurance Company, to be reimbursed for benefits paid under La.R.S. 23:1101 et seq. is hereby recognized, however, its recovery is reduced in proportion to the fault of plaintiff, i.e., 50%. Succession of Theriot v. Southern Pacific Transportion Co., et al, 560 So.2d 861 (La.App. 3rd Cir.1990), writs denied, 565 So.2d 451, 453 and 454 (La.1990), reconsideration denied, 566 So.2d 386 (La.1990).

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, WILLIAM FRANCIS, and against defendants, ANDREW CORMIER, LAKE CHARLES NISSAN and COMMERCIAL UNION INSURANCE COMPANY, in the amount of $9,505.10 with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the reimbursement rights of intervenor, HIGHLAND INSURANCE COMPANY, be recognized to the extent of $4,505.10, to which said intervenor shall have first right of reimbursement from the proceeds of this judgment plus legal interest from date of judicial demand until paid.
All costs of these proceedings, both at the trial level and on appeal, are assessed to defendants, Andrew Cormier, Lake Charles Nissan and Commercial Union Insurance Company.
REVERSED AND RENDERED.