JjWILLIAM A. CULPEPPER, Judge Pro Tern.
This is a tort action by Lynda F. Durham against the State of Louisiana, Department of Education. Mrs. Durham, a special education teacher’s aide employed by the Rap-ides Parish School Board, was assisting a profoundly retarded student in an adapted aquatics class being taught in a swimming pool. She injured her back when she lunged to grab the student, who had begun struggling in the water. The trial court awarded Mrs. Durham $92,598.14 total damages. The defendant appeals, urging that it owed no duty to the plaintiff, that any duty it did owe did not encompass the 12risk that the plaintiff would injure herself in a pool, that the defendant’s conduct was not a cause-in-fact of the plaintiffs injury and that the damages suffered were caused by the plaintiffs own fault.
GENERAL FACTS
At the time of her injury, Mrs. Durham, then forty-five years old, was employed by the Rapides Parish School Board as a teacher’s aide at the M.D. Haynes School for Trainable Mentally Retarded. Although her previous eighteen years experience had been limited to a conventional classroom setting, at the beginning of the 1989-1990 school year, Mrs. Durham, who could not swim, was assigned to assist in an adapted aquatics program wherein students were taken to the Alexandria Senior High School swimming pool. As a swimming aide in this program, Mrs. Durham assisted in the instruction of the trainable mentally retarded students in the pool. It was in this capacity that Mrs. Durham was injured while attempting to rescue a young retarded student from drowning.
On March 2, 1990, while she was in the pool assisting a profoundly retarded student, the student managed to get behind Mrs. Durham. When Mrs. Durham turned to face the student, the student went underwater. Mrs. Durham panicked and lunged to grab the student. She grabbed the child by the ankle, but in the process, she sustained back injuries.
*1131 ANALYSIS
The trial court based the State’s liability upon the breach of the State’s statutorily mandated duty to supervise and monitor programs such as the adapted aquatics program in which Mrs. Durham was assisting. In its “Reasons for Judgment” the trial court pointed out that the State failed | ato establish certification standards, publish guide books or pamphlets concerning adaptive physical education or adaptive aquatics programs and generally failed to supervise the program in which Mrs. Durham was assisting.
Both the Federal and State statutes that require the State to supervise and monitor education programs for handicapped students are designed to assure a free, public education that meets the special needs of handicapped students. They do not give rise to a cause of action in tort to recover damages suffered by a teacher due to physical injury. The “Individuals With Disabilities Education Act”, 20 U.S.C. § 1400 et seq., which the plaintiff relies upon to establish the duty owed by the State to Mrs. Durham, states, in pertinent part, that:
“[t]he purpose of this Chapter is to assure that all handicapped children have available to them a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of handicapped children and their parents and guardians are protected, to assist States and localities to provide for the education of all handicapped children and to assess and assure the effectiveness of efforts to educate handicapped children.”
When the rule of law relied upon for imposing a duty is based upon a statute, the court must attempt to interpret legislative intent as to the risk contemplated by the legal duty. Libertine v. Aetna Ins. Co., 477 So.2d 1286 (La.App. 3d Cir.1985). Any duty that this statute imposes upon the State of Louisiana is owed to the handicapped students, whose special needs this statute addresses. That duty does not extend to a teacher’s aide, nor does it encompass the risk that someone who does not know how to swim will be injured while assisting handicapped students in a swimming pool. The risk contemplated by Congress in enacting this statute is the “risk” that an appropriate, free education might not be available to handicapped students.
USimilarly, the Louisiana statute relied upon by the plaintiff fails to impose upon the state any duty of which the plaintiff may avail herself. LSA-R.S. 17:1941 declares that:
“[i]t is and shall be the duty of state, city and parish public school systems of the [Sjtate of Louisiana to provide an appropriate, free, publicly supported education to every exceptional child ...”
LSA-R.S. 17:1942 states:
“The purpose of this Part is to assure and require that the state shall fund a program of special education and related services for the exceptional children of this state, and that this program shall be administered by the Department of Education
[[Image here]]
It is clear that the purpose of Chapter 8 of Title 17 of the Louisiana Revised Statutes, entitled “Education of Exceptional Children”, is to provide unique educational opportunities to certain students. So, when read with the statutes cited above, it is also clear that LSA-R.S. 17:1944(B)(6), which states:
“B. The division of special education services herein established shall have the following powers and duties:
(6) To develop and recommend, when necessary, certification requirements for all teaching or nonteaehing personnel employed in special education and related service programs in the state,”
was intended to ensure that the students involved in such programs would be instructed by qualified teachers. Teachers and teacher’s aides are not within the class of people that the duties imposed by this statute were designed to benefit. Therefore, teachers and teacher’s aides can claim no cause of action arising under the statutes cited above upon the failure of the State to carry out the duties imposed therein.
The statutory scheme is that the teachers involved in special education will be employees of the local school | ¡¡board, and will *1132 be protected by worker’s compensation. Mrs. Durham was an employee of the Rap-ides Parish School Board and is receiving worker’s compensation benefits from that board. It was clearly not the legislative intent of the statutes that the State Department of Education have any duty to employ, supervise or protect the teachers involved in the program.
In the absence of a duty owed by the State to the plaintiff, the State cannot be liable to the plaintiff for the injuries that she has suffered. We therefore reverse the judgment of the trial court and dismiss the plaintiffs claim at her 'cost.
REVERSED AND RENDERED.
THIBODEAUX and COOKS, JJ„ dissent.