660 So.2d 145 (1995)
Shirley Ann TAYLOR and Eddie O. Taylor, Plaintiffs-Appellants,
v.
James CHISM and Louisiana Indemnity Insurance Company, Defendants-Appellees.
No. 27,186-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
Nelson W. Cameron, Shreveport, for appellants.
Piper and Associates by Ramon Lafitte, Shreveport, for appellees.
Before MARVIN, SEXTON and STEWART, JJ.
MARVIN, Chief Judge.
Plaintiffs, Shirley and Eddie Taylor, appeal from a city court judgment denying their claims for personal injury and property damage arising out of a two-car collision.
For the reasons which follow, we affirm.

FACTS
The accident occurred April 14, 1993, on Hollywood Avenue, a four-lane east-west road in Shreveport. Initially, James Chism's vehicle was parked in the small parking lot of a pawn shop on the north side of the street. This lot was adjacent to the outside westbound lane on Hollywood and required a patron to back out onto the street in order to drive on the street. Ms. Taylor, driving her father's vehicle, was parked in another business's lot also on the north side of Hollywood. This lot's access to the street was 10 or 15 yards west of the pawn shop lot. The accident occurred as both drivers tried to enter Hollywood.
Shirley Taylor, intending to go east, backed her car into the inside westbound lane of the street. Ms. Taylor testified that no eastbound traffic was approaching to interfere *146 with her entering the eastbound lanes. However, when Ms. Taylor first drove forward and to the east, she drove in the inside westbound lane. Simultaneously, James Chism, attempting to go west, backed his vehicle into the two westbound lanes of Hollywood. He testified that he first looked both ways and then looked to the east as he backed out to ensure that his vehicle would not interfere with the westbound traffic flow. Ms. Taylor (driving easterly in the inside westbound lane) and Chism (driving, or about to drive, westerly in the westbound lane) both reached the area of the street in front of the pawn shop parking lot at the same time. The left rear of Ms. Taylor's vehicle and the left rear of the Chism vehicle collided. Mr. Chism said that he never saw the Taylor vehicle before the collision because he was looking to the eastthe direction from which westbound traffic with the right-of-way should be approaching.
In plaintiffs' petition for damages, Ms. Taylor demanded special and general damages for her injuries and Mr. Taylor sought property damage to the Taylor car. Ms. Taylor proceeded in forma pauperis.
The trial court found that Mr. Chism had no duty to anticipate or look for traffic driving the wrong way in his lane of travel and rejected plaintiffs' claims. This appeal ensued.

DISCUSSION
Plaintiffs contend that the trial court erred:
(1) By failing to properly consider LRS 32:281 and
(2) By not finding both drivers comparatively at fault.
The duties and responsibilities of each driver are governed generally by Title 32 of the Revised Statutes. Ms. Taylor's driving was regulated by LRS 32:71, which provides in pertinent part:
Sec. 71. Driving on right side of road; exceptions
A. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement, including passing lanes;
(2) When the right half of a roadway is closed to traffic while under construction or repair;
(3) Upon a roadway designated and signposted for one-way traffic.
But for Ms. Taylor's driving on the wrong side of the road, Mr. Chism could safely have backed into the westbound lanes of Hollywood. Further, plaintiff breached her statutory duty to drive on the right side of the road by traveling east in a westbound lane without a valid reason. Finally, the risk of a collision with favored traffic is clearly within the scope of the duty breached by plaintiff. The trial court correctly found Ms. Taylor to be negligent.
Mr. Chism's conduct was also a cause-in-fact of the accident. If he had looked to the west while backing his car, he would likely have seen Ms. Taylor approaching in the wrong lane. "But-for" causation, however, does not alone establish negligence. Mart v. Hill, 505 So.2d 1120 (La.1987).
A motorist's duties beyond the general duty of care owed by all motorists are governed by LRS 32:103, 32:124 and 32:281, which provide (in pertinent part):
Sec. 103. Moving parked vehicles
No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.
Sec. 281. Limitations on backing
A. The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
Sec. 124. Vehicle entering highway from private road, driveway, alley or building.
The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building ... shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.
In Davis v. Galilee Baptist Church, 486 So.2d 1021, 1024 (La.App.2d Cir.1986), we observed:

*147 A motorist who is about to enter a roadway from a private driveway is required to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. LRS 32:124. Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. See Travelers Insurance Company v. Harris, 294 So.2d 588 (La.App. 4th Cir.1974); Holland v. United States Fidelity & Guaranty Co., 131 So.2d 574 (La. App.2d Cir.1961); Garcia v. Anchor Casualty Company, 148 So.2d 371 (La.App. 1st Cir.1962). Conversely, the duty of the driver on the favored street toward the intruding motorist is the much lesser ordinary care and that driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less favored positions such as a private drive will not drive into the path of favored traffic. The motorist who is otherwise proceeding lawfully on the favored street is not required to look out for or search in anticipation of careless drivers who might enter his right of way from a private driveway in violation of the statute. Gutierrez v. Columbia Casualty Co., 100 So.2d 537 (Orl.App.1958); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3d Cir. 1962). The presumption or assumption may not be relied on by a motorist who is proceeding unlawfully before or after he sees the intruding vehicle. See Joseph v. Boudreaux, 230 So.2d 352 (La.App. 1st Cir.1969); Cole v. Maryland Casualty Company, 205 So.2d 863 (La.App. 3d Cir. 1968); and Blashfield, Automobile Law and Practice, § 120.27 (1970), and Louisiana cases cited therein. (Emphasis in original.)
A high degree of care is generally imposed upon backing motorists to ensure that the maneuver can be safely accomplished. Francis v. Commercial Union Insurance Co., 594 So.2d 1025 (La.App. 3d Cir.1992); Rodrigue v. Firestone Tire & Rubber Co., 540 So.2d 477 (La.App. 1st Cir.1989), writ denied.
Because she proceeded illegally, Ms. Taylor was not entitled to rely on the presumption or assumption that other drivers would not enter her lane of travel. Davis, supra. The high degree of care imposed upon backing drivers or motorists entering a public road from a private lot is intended to protect those drivers traveling with the right-of-way from unexpected intrusions or hazards. Where a backing motorist collides with another driver whose vehicle does not have the right-of-way and that violation is a legal cause of the accident, the backing motorist owes the violator only a substantially reduced duty of care. See the well-reasoned discussion of this rule in Roy v. United Gas Corporation, 163 So.2d 587, 592-93 (La.App. 3d Cir.1964), writ denied.
Chism testified that he looked both ways before backing out of the parking lot and, while backing, continued his observation to make sure that the westbound lanes of travel were clear of traffic approaching from the east. His observations satisfied the general duty of care and the requirement that backing movements be made with "reasonable safety." Ordinarily, no vehicles travel against the right-of-way, and the standard of care imposes no special duty to observe vehicles where there should be none. The trial court correctly found that Chism satisfied his standard of ordinary care by his otherwise careful observations and was not negligent. The trial court's acceptance of Chism's testimony is not clearly wrong.

DECREE
At plaintiffs' cost the judgment is AFFIRMED.