Dear Mayor Edwards:
You requested the opinion of this office concerning whether the Town of Jonesville (the "Town") may rescind the donation of an ambulance which was donated to the Town by Acadian Ambulance Service ("Acadian Ambulance"). The Town Council has determined that the Town does not have funds to operate an ambulance service, therefore, the ambulance is not being used. This office was advised that at the time of the donation, there was a verbal agreement between Acadian Ambulance and the Mayor that if the Town did not operate an ambulance service, it would return the ambulance.
This office was furnished with a copy of the following:
 1. A notarized Act of Donation dated August 25, 1999, from Acadian Ambulance Services to the Town of a 1989 Ford LL, mileage 114,631. The Act of Donation does not contain any conditions for the donation.
 2. An undated statement signed by Ben Adams, who we understand is the Town's fire chief, stating that he was present the day of the ambulance donation from Acadian Ambulance to the Town. It was his understanding that the intended use of the ambulance was to transport patients to the hospital in the event of an emergency. It was also his understanding that if at anytime the ambulance was no longer needed, it was to be returned to the owner.
 3. Your statement dated October 14, 1999, that you met with the owners of Acadian Ambulance to receive the donation of an ambulance for the Town. The ambulance was to be used in the event of a life and death emergency as transportation to the hospital. You understood that if at any time the ambulance was not being utilized, it would be returned to Acadian Ambulance.
 4. A letter signed by Tyron D. Picard, Executive Vice President, Legal and Governmental Affairs of Acadian Ambulance, dated October 6, 1999, stating that Acadian Ambulance donated the ambulance to the Town with the specific understanding that it be used for transportation of citizens of Jonesville. This was the understanding reached between the Mayor and the President of Acadian Ambulance at the time of the donation. It has since come to the attention of Acadian Ambulance that the Town does not plan to use the ambulance for the transportation of its citizens's (and in fact not make the ambulance operational at all). Mr. Picard states that their position is that the donation is invalid since there has been a failure of the part of the Town to use the donated item as specified. Mr. Picard requested that the Town facilitate the prompt return of the ambulance to Acadian Ambulance.
The Louisiana Civil Code governs the donation of property from one person to another. While the donation of immovable property and incorporeal property must be made by notarial act, the manual gift of movable property, accompanied by real delivery, is not subject to any formality. C.C. Arts. 1536, 1539. In Soileau v. Soileau, 95-578 (La.App. 3d Cir. 11/2/95), 664 So.2d 551, the court held that the title to a motor vehicle may be transferred between parties in accordance with C. C. Art. 1539, even though the parties have not complied with the Vehicle Certificate of Title Law.
C.C. Art. 1527 allows a donor to impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals. Donations may be revoked or dissolved in the event of non-performance of the conditions imposed on the donee. C.C. Art. 1559(3). However, the Act of Donation which you furnished this office does not contain the conditions set forth in your letter, as well as those of Mr. Adams and Mr. Picard. Art. 1848 of the Civil Code provides as follows:
 "Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement."
Parol evidence is not admissible to show a prior or contemporaneous agreement varying the terms of a written contract.Fleming Irrigation, Inc. v. Pioneer Bank Trust Co., 27,262 (La.App. 2d Cir. 8/23/95), 660 So.2d 147, 1995 WL 49754); CentralBank v. Simmons, 595 So.2d 363 (La.App. 2d Cir. 1992); PelicanHomestead Sav. Ass'n v. Airport Mini-Warehouses, Inc.,531 So.2d 524 (La.App. 5th Cir. 1988). Ordinarily, the meaning and intent of the parties to a written instrument should be determined within the four corners of the document, and its terms cannot be explained or contradicted by extrinsic evidence. Brown v.Drillers, Inc., 93-1019 (La. 01/14/94), 630 So.2d 741; Billingsleyv. Bach Energy Corp., 588 So.2d 786 (La.App. 2d Cir. 1991).
C.C. Art. 2046 further provides that when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.
In accordance with the foregoing articles of the Civil Code, we are unable to go beyond the four corners of the Act of Donation and review the statements of yourself, Mr. Adams or Mr. Picard. We can merely review the terms of the Act of Donation which does not contain a condition which requires the Town to use the ambulance. Accordingly, we suggest that the donation cannot be revoked for failure to comply with a condition, and thus there is no legal requirement for the Town to return the ambulance to Acadian Ambulance. Were the Town to return the ambulance to Acadian Ambulance without a legal requirement to do so, we believe that there would be a violation of Article VII, Section 14 of the Louisiana Constitution which prohibits the donation of public property except in very limited circumstances.
Should the Town desire to rid itself of the ambulance, the Town must comply with the provisions of state law regarding the sale of surplus movable property. We refer you to the provisions of R.S.33:4712, R.S. 49:125 and R.S. 39:1703.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH
Mayor William F. Edwards City of Jonesville P.O. Box 428 Jonesville, LA 71343
Date Received: Date Released: March 3, 2000
Martha S. Hess Assistant Attorney General