PITMAN, J.
1 Appellants, Daphne Barmore and Safeway Insurance Company, appeal the trial court’s ruling that Ms. Barmore was 75 percent at fault and Appellee James Gibson was 25 percent at fault for an automobile accident. Mr. Gibson also appeals the trial court’s assignment of comparative fault and the award of general damages. For the following reasons, we affirm.

FACTS

On the morning of February 8, 2012, Mr. Gibson was driving his Toyota Camry north on Kingston Road in Shreveport. At the same time, Ms. Barmore was backing her Pontiac Grand Prix out of her driveway onto Kingston Road, and the automobiles collided.
On March 5, 2012, Mr. Gibson filed a petition for damages, claiming that Ms. Barmore was at fault for the accident because she “failed to maintain proper lookout and violently collided” with his vehicle. Mr. Gibson alleged that he sustained injuries as a result of the collision and claimed damages of extreme physical pain and suffering, mental anguish and anxiety, loss of enjoyment of life, emotional distress, medical expenses, lost wages, interest and costs.
On April 10, 2012, Ms. Barmore and her insurer, Safeway, filed an answer, recon-ventional demand and third party demand. They argued that Ms. Barmore was not negligent and not at fault for the collision. In the alternative, Ms. Barmore argued that Mr. Gibson was guilty of comparative negligence.[1]
*1231 | ¾A bench trial was held on March 26, 2013.
Mr. Gibson testified that, on February 8, 2012, he left his house at approximately 7:25 a.m. to drive to work. He stated that the weather was clear and the sun was up. He explained that he came to a stop at the corner of Williamson Way and Kingston Road and then turned left onto Kingston Road. He testified that, while he was driving north on Kingston Road, Ms. Bar-more’s car “basically started coming out of her driveway and was still in reverse and I had to basically just kind of lockup my brakes to stop the car and kind of veer off the road to miss her and hit the right rear part of her car.” Mr. Gibson explained that the front left side of his car collided with the right rear side of Ms. Barmore’s car. Mr. Gibson stated that the rear windshield of Ms. Barmore’s car was not defrosted when she backed out of her driveway. He further testified that Ms. Barmore’s car was “probably 95%” in the northbound lane of Kingston Road at the time of the collision and that she drove approximately 15 feet forward after the collision. He explained that the area of Kingston Road where the accident occurred is a flat road with no hills or curves and that the distance from the intersection of Williamson Way and Kingston Road to the location of the accident is approximately 75 yards.
Mr. Gibson stated that he was driving approximately 25 miles per hour when the accident occurred.
| ¡¡Mr. Gibson testified that Officer Rodney Medlin of the Shreveport Police Department came to the scene and wrote a police report, which Mr. Gibson reviewed. He explained that Officer Medlin’s report stated that Ms. Barmore’s vehicle was in drive when the collision occurred, but Mr. Gibson recalled that her vehicle was still in reverse when the collision occurred. Mr. Gibson testified that Officer Medlin’s testimony that Mr. Gibson was looking down or at his cell phone prior to the accident was not correct.
Mr. Gibson testified that he suffered injuries as a result of the accident, including pain in his right shoulder. He first went to Velocity Care and then to his family doctor at Willis-Knighton. Mr. Gibson stated that X-rays were taken of his shoulder and that he was prescribed pain medication. Mr. Gibson testified that the pain lasted several months and that his exercise routine was limited because of the pain. On cross-examination, he stated that, in April 2012, he competed in a Tough Mudder competition, which is a 12-mile obstacle course.
Ms. Barmore testified that, on the morning of February 8, 2012, she turned on her car to warm it up and defrost the windows while waiting for her children’s school bus *1232 to arrive. She stated that, after her children got on the school bus, she began to back out of the driveway to drive to work. She explained that she always parks her car on the far left of her driveway and that the driveway is two car-lengths long. She further testified that she stopped halfway down the driveway to look both ways and that she saw Mr. Gibson approaching the stop sign at the intersection of Williamson Way and Kingston Road. She explained that she continued to back onto Kingston |4Road into the northbound lane; and, as soon as she put her car in drive, the collision occurred. She said that she drove her car a few feet forward and then stopped and got out of the car to speak to Mr. Gibson. She testified that Mr. Gibson told her, “I was on my phone on a conference call and I looked up and there you were.”
On rebuttal, Mr. Gibson testified that Ms. Barmore’s statement that he said he had been on a conference call at the time of the accident is not accurate and that he did not say that to Ms. Barmore.
In his deposition, Officer Medlin testified that he was the investigating officer on the scene of the accident. He explained that the sun was up and the weather was clear. He noted that the distance from the stop sign on the corner of Williamson Way and Kingston Road to the location of the accident is approximately 75 yards and that the road is straight and flat with no obscurements. He stated that, when he arrived at the scene, both cars were in the northbound lane and Ms. Barmore’s car was north of her driveway. He recounted both parties’ statements about what happened. He explained that Ms. Barmore said she “backed out of her driveway, looked both ways to make sure it was clear. She ... had just started traveling northbound” when the accident occurred. He stated that Mr. Gibson said “he turned off of Williamson Way and was traveling northbound, looked up and Ms. Barmore was in front of him. He tried to dodge it and didn’t have time to.” He stated that neither party reported injuries. In his police report, Officer Medlin wrote that Mr. Gibson was following too closely and was inattentive. Officer Medlin also testified that he overheard Mr. Gibson mention to his mother, who arrived at the scene of the accident, that he had |Bbeen “messing with his cell phone and something about his breakfast.... And he said he looked up, and Ms. Barmore was out in front of him. He tried to swerve over and struck her on the rear passenger’s side.”
On March 27, 2013, the trial court filed written reasons for judgment, noting that it had read the deposition of Officer Med-lin and also had gone to the location of the accident. The trial court found that Mr. Gibson “carried his burden of proof as to the fault and thus liability of Daphne Bar-more, however, with a comparative fault assignment to James Gibson of 25%.” The trial court determined that the medical care of Mr. Gibson was “warranted and reasonable” and granted medical special damages as prayed for by Mr. Gibson. Considering the months of shoulder and back pain endured by Mr. Gibson, the trial court set general damages in the amount of $5,500, with all damages subject to the apportionment of fault. Court costs were assessed to Ms. Barmore and Safeway. The trial court filed its judgment on April 23, 2013.
On May 16, 2013, Ms. Barmore and Safeway Insurance Company filed a petition and order for suspensive appeal.

DISCUSSION

Assignment of Fault

In their first assignment of error, Appellants argue that the trial court erred in assigning any fault to Ms. Barmore. In *1233 their second assignment of error, Appellants argue that the trial court erred in not assigning 100 percent |Rfault to Mr. Gibson for the accident or, in the alternative, 75 percent fault as the following motorist.
Appellants contend that the trial court erroneously rejected the consistent testimony of Ms. Barmore and of Officer Medlin and accepted the inconsistent and contradictory testimony of Mr. Gibson. Appellants emphasize inconsistencies between Mr. Gibson’s trial testimony and Officer Medlin’s deposition testimony regarding Mr. Gibson’s cell phone use at the time of the accident. Appellants contend that, if Mr. Gibson’s trial testimony is correct, he should never have been involved in the accident because he testified that he was traveling at 25 miles per hour and immediately applied his brakes when he observed Ms. Barmore backing out of the driveway onto the road on which he was driving. Appellants reason that Mr. Gibson’s testimony was so “dubious” that the trial court was manifestly erroneous in accepting his testimony and assessing fault. Appellants further argue that there is a presumption of fault against the driver of a vehicle that rear-ends another vehicle.
Mr. Gibson argues that the trial court erred in assessing him with 25 percent comparative fault because the evidence at trial revealed that the negligence of Ms. Barmore was the sole cause-in-fact of the accident. He contends that Ms. Barmore violated her duty as a backing motorist with a frosted rear window. Mr. Gibson also contends that he was proceeding lawfully on the street and was not required to look out or search in anticipation of careless drivers who might enter his right-of-way. He argues that Ms. Barmore failed to safely back her car from her driveway to the street and, therefore, violated traffic laws and should be found 100 percent at fault |7because her actions were the sole cause-in-fact of the accident.
A court of appeal may not set aside a trial court’s finding of fact “in the absence of ‘manifest error’ or unless it is ‘clearly wrong’ ” or “has no reasonable factual basis.” Rosell v. ESCO, 549 So.2d 840 (La.1989); Pemiciaro v. Brinch, 384 So.2d 392 (La.1980). To reverse the trial court’s finding of fact, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and must determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993), citing Mart v. Hill, 505 So.2d 1120 (La.1987). Furthermore, “where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart, supra, citing Canter v. Koehring Co., 283 So.2d 716 (La.1973). Additionally, “[w]hen findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings.” Rosell, supra.
There is a presumption in read-end collisions that the following driver breached the standard of care and is presumed negligent. King v. State Farm Ins. Co., 47,368 (La.App.2d Cir.8/8/12), 104 So.3d 33. La. R.S. 32:81(A) states that “[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of |sthe highway.” The following motorist can rebut this presumption and avoid liability by proving that he had his vehicle under control, that he closely observed the lead vehicle and that he followed it at a safe distance under the circumstances. *1234 King, supra. The following motorist may also avoid liability by proving that the lead motorist negligently created a hazard that the following motorist could not reasonably avoid. Id., citing Holland v. State Farm Mut. Auto. Ins. Co., 42,753 (La.App.2d Cir.12/5/07), 973 So.2d 134.
A motorist about to enter a highway from a driveway shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. La. R.S. 32:124. This court in Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2d Cir.1986), explained:
Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. See Travelers Insurance Company v. Harris, 294 So.2d 588 (La.App. 4th Cir.1974); Holland v. United States Fidelity & Guaranty Co., 131 So.2d 574 (La.App. 2d Cir.1961); Garcia v. Anchor Casualty Company, 148 So.2d 371 (La.App. 1st Cir.1962). Conversely, the duty of the driver on the favored street toward the intruding motorist is the much lesser ordinary care and that driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less favored positions such as a private drive will not drive into the path of favored traffic. The motorist who is otherwise proceeding lawfully on the favored street is not required to look out for or search in anticipation of careless drivers who might enter his right of way from a private driveway in violation of the statute. Gutierrez v. Columbia Casualty Co., 100 So.2d 537 (Orl.App.1958); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3d Cir.1962).
Furthermore, “[a] high degree of care is generally imposed upon backing motorists to ensure that the maneuver can be safely accomplished.” Taylor v. Chism, 27,186 (La.App.2d Cir.8/23/95), 660 So.2d 145, citing Francis |flu Commercial Union Ins. Co., 594 So.2d 1025 (La.App. 3d Cir.1992); Rodrigue v. Firestone Tire & Rubber Co., 540 So.2d 477 (La.App. 1st Cir.1989), writ denied, 546 So.2d 179 (La.1989), writs denied, 546 So.2d 179,180 (La.1989).
In the case sub judice, the trial court noted that the key testimony was that of Ms. Barmore when she admitted that, while at the end of her driveway, she did not look onto Kingston Road to make sure it was clear prior to backing onto Kingston Road. The trial court noted that frost on the rear window of Ms. Barmore’s vehicle compromised her visibility. The trial court stated “that there was a level of distraction by James Gibson which contributed to the accident.”
This court does not find that the trial court was manifestly erroneous in finding Ms. Barmore to be 75 percent at fault and Mr. Gibson 25 percent at fault for the accident. The trial testimony suggests that both parties were negligent and contributed to the accident. Ms. Barmore was negligent because she did not properly stop and look for oncoming motorists before she backed onto Kingston Road. See La. R.S. 32:124. Mr. Gibson was negligent because he was not paying attention to the road and was too distracted to view Ms. Barmore’s vehicle backing onto the road. The trial court’s finding of fact that both drivers contributed to the accident is not manifestly erroneous or clearly wrong and is supported by the record. Therefore, these assignments of error lack merit.

General Damages

Mr. Gibson argues that the trial court erred in failing to award the appropriate amount of general damages and avers that he should have been | inawarded at least $16,000 in general damages for his injuries. He also argues that he suffered from shoulder pain for three to four months and from lower back pain for two months. He contends that the $5,500 *1235 award of general damages was unreasonably low.
A court of appeal cannot disturb a trial court’s award of damages unless the record “clearly reveal[s] that the trier of fact abused his discretion in making his award.” Pemiciaro v. Brinch, supra. The Louisiana Supreme Court in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), explained:
[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In the case sub judice, the trial court awarded Mr. Gibson both medical special damages and general damages. In its written reasons for judgment, the trial court noted:
Considering the several month duration of what was primarily moderate right shoulder pain which followed a relatively brief period of low back pain, all as testified to by Mr. Gibson and corroborated by the medical records, the Court sets general damages in the amount of $5,500.00. Of course, all damages are subject to the apportionment of fault.
Considering the facts of this case, we find that the trial court did not abuse its discretion in awarding Mr. Gibson $5,500 in general damages for the pain in his shoulder and back. The trial court noted that Mr. Gibson’s pain was “moderate” and “brief.” Mr. Gibson has not demonstrated that the award of $5,500 in general damages is unreasonably low or that he is entitled to an award of at least $16,000. Therefore, we find that this |1¶ assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court finding Appellant Daphne Barmore to be 75 percent at fault and Appellee James Gibson to be 25 percent at fault for the subject automobile accident. We also affirm the trial court’s award of $5,500 in general damages to Mr. Gibson, subject to the apportionment of fault. Costs of this appeal are assessed at 50 percent to Daphne Barmore and Safeway Insurance Company and 50 percent to James Gibson.
AFFIRMED.

. Ms. Barmore requested that Mr. Gibson and his insurance company, USAA Casualty Insurance Company, be made defendants in recon-vention and alleged that they are liable for the $1,215.56 in damages her vehicle sustained in *1231 the collision. In a supplemental and amending reconventional demand, Ms. Barmore stated that her vehicle sustained $1,517.46 in damages.
On June 19, 2012, Mr. Gibson filed an answer to original petition for damages, re-conventional demand and third party demand. He argued that "the accident and damages complained of were caused solely and proximately by the provocations, fault and/or negligence” of Ms. Barmore. Mr. Gibson requested that Ms. Barmore’s claim be dismissed with prejudice and, in the alternative, requested that the amount of any award to Ms. Barmore should be reduced in accordance with the principles of comparative fault.
On March 13, 2013, all parties filed a joint motion to dismiss the suit of Ms. Barmore against Mr. Gibson and USAA. The parties stated that a complete compromise was made and requested that the suit be dismissed with prejudice. On March 18, 2013, the trial court signed an order dismissing the demands of Ms. Barmore and Safeway against Mr. Gibson and USAA.