h CHARLES R. JONES, Judge.
Appellant, Wal-Mart Stores Inc. d/b/a Sam’s Club, appeals the judgment of the district court awarding Appellee, Cliff R. Hall, damages in the amount of $32,260.27 on behalf of his minor son Cliff R. Hall, III. In an Answer to the appeal, Mr. Hall appeals the same judgment by the district court assessing him with 40% comparative fault and Wal-Mart Stores with 60% comparative fault. We affirm the judgment of the,district court.
On November 22, 1997, Mr. Hall went to Sam’s Club in New Orleans East to purchase a tire. He was accompanied by his two minor children, five year old Cliff, III, and four year old Aaron. Aaron is mentally challenged. Mr. Hall waited in line to purchase a tire and after approximately twenty minutes of waiting in line the two boys left his side but remained in his view about fifteen feet away. After Mr. Hall purchased his tire, he walked over to where the children were and found Cliff, III, lying on the ground crying. On the floor next to Cliff, III, was a 45 lb. car battery. As a result of the car battery dropping on his foot, Cliff, III, suffered a fracture of his foot.
Mr. Hall, individually and on behalf of his minor child, brought suit against Wal-Mart Stores d/b/a Sam’s Club (hereinafter “Wal-Mart”) in Civil District Court for the Parish of Orleans. The parties signed a Consent Judgment prior to trial on February 11, 2000, that no fault be assessed to Cliff, III. The parties further stipulated to medical expenses. The district court found in favor of Mr. Hall for damages in the amount of $82,260.27, and assessed him with 40% comparative fault and Wal-Mart with. 60% comparative fault. Wal-mart filed the original appeal and Mr. Hall answered.
Wal-Mart raises four assignments of errors on appeal that this Court chooses to consolidate into one for a more succinct legal analysis.
In these assignments of error, Wal-Mart argues that Mr. Hall failed to establish his burden in proving a falling merchandise case, thus maintaining that the district court erred in finding that Wal-Mart created an unreasonable risk of harm.
Wal-Mart contends that at trial Mr. Hall did not establish that the car battery actually fell off of the shelf without Cliff, III, reaching for it or touching it. Therefore, Wal-Mart contends that in order to prove that it was liable, Mr. Hah would have had to prove that Cliff, III, did not provoke the merchandise to fall. Wal-Mart also relies on Mary Davis v. Wal-Mart, Inc., 774 So.2d 84, 2000-0445 (La.11/28/00), rehearing denied, 2000-0445 (La.6/15/01), 785 So.2d 819, claiming that Mr. Hall failed to establish the numbered requisites in a fading merchandise case. In Mary Davis, the Supreme Court stated that:
To prevail in a falhng merchandise case, the customer must demonstrate (1) that he or she did not cause the merchandise to fall, (2) that another customer in the aisle at the moment did not cause the merchandise to fall, and (3) that the merchant’s negligence was the cause of the 13accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a *337 precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an unreasonably dangerous condition in the merchant’s premises. Id at 90
The district court concluded that the weight of the evidence pointed to Cliffs, III tampering with the batteries, consequently causing one battery to fall onto his foot. Furthermore, Mr. Hall testified at trial that when he questioned his son immediately after the incident, Cliff, III, told him that he “reached” for the battery.
Whether Cliff, III, tampered with the battery or not, Wal-Mart has a duty under LA R.S 9:2800.64 to make sure that the battery was relatively safe from children’s ability to tamper with it. LA R.S 9:2800.64 provides in pertinent part:
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which might reasonably give rise to danger.
The district court determined that the Wal-Mart Store had a battery shelf with edge guards that it could have used to house the batteries. However, the store employees stacked the batteries on cardboard for display. The district court determined that when the battery fell, it was not properly on display. Brian Robinson, the General Manager of Wal-Mart at the time of the incident, testified at trial that a photo of the battery display at the same Wal-Mart revealed that the storage instructions for Champion Batteries Were not correctly followed. He Rfurther testified that there are no warning signs present in the automotive department cautioning against children and falling merchandise.
We agree with the district court in finding that Wal-Mart created an unreasonable risk of harm by stacking four layers of batteries using two layers of cardboard in contrast with adhering to Champion’s instructions to stack only two layers of batteries with one layer of cardboard between them. We do, however, disagree with the district court’s interpretation of the warning placed on the battery reading, “Keep out of reach of children”. The district court found that the warning sign on the battery is a good indication that the battery should have been better placed in the store. Specifically the district court stated, .. .Sam’s did not keep this item (batteries) away from a child’s reach, creating a hazard and risk of harm to children”. We disagree. The warning label was placed on the battery for the purchaser because the battery contains hazardous substances. In accordance with the district court’s reasoning, merchants would be obligated to place every item with such a warning out of all children’s reach which could lead to even more damaging results. Items bearing these warning labels would have to be placed above a child’s reach; over their heads. We find that this is not the proper interpretation of the purpose of the warning label “Keep out of reach of children”, and the district court’s conclusion is incorrect. The “keep out of reach of children” warning pertains to storage or discarding the product after purchase and use, not the way in which the product is stored or displayed for sale purposes within the store. This assignment of error is without merit.
In his Answer to the instant appeal, Mr. Hall argues that the district court erred in assessing him with 40% comparative fault. He argues that his as *338 sessment of fault is excessive when the district court determined that Wal-Mart did indeed Ucreate an unreasonable risk of harm. He further argues that toys are sold at Wal-Mart and that Wal-Mart is aware that children would enter the store making Wal-Mart more liable.
However, the district court found that Mr. Hall’s conduct gave rise to negligent supervision. The court relied on Mayer v. Tulane Medical Center, 527 So.2d 329 (La.App. 4th Cir.1988), wherein the Court stated, “Generally, parents are under a duty to properly supervise and protect their younger children. This duty is measured by the standard of what a reasonable parent would do under the same or similar circumstances”.
Mr. Hall maintains that he did supervise his children as a reasonably prudent parent and that since he was forced to wait in a long line, he allowed his children to wander only fifteen feet from him where he could see them at all times. However, at some point Mr. Hall could not see or was not paying attention to his children because he did not witness the accident. Further, considering that Mr. Hall was in the automotive section of the store, we find that a reasonably prudent parent with a five-year-old son and a mentally impaired son has a heightened duty to make sure the children are safe in a potentially dangerous environment. This assignment of error lacks merit.
Decree
For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED