996 So.2d 315 (2008)
Jeane CROWNOVER and Sam Crownover, Plaintiffs-Appellees
v.
CITY OF SHREVEPORT and Steve H. Hathorn, Defendants-Appellants.
No. 43,521-CA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*316 The Malone Law Firm, LLC by Mary E. Winchell, for Appellants.
*317 Donald Miller, for Appellees.
Before BROWN, WILLIAMS, and MOORE, JJ. BROWN, Chief Judge.
BROWN, Chief Judge.
This appeal arises from a trial court judgment in favor of plaintiffs, Jeane and Sam Crownover, and against defendants, City of Shreveport and Police Officer Steven H. Hathorn of the Shreveport City Police Department. The suit concerns damages resulting from a traffic collision. Defendants now appeal the judgment of the trial court. For the reasons stated herein, we affirm.

Facts
On June 4, 2004, at approximately 8:30 A.M., Officer Hathorn and Mrs. Crownover were involved in a traffic accident at the intersection of Line Avenue and Jordan Street. Officer Hathorn was traveling westbound on Jordan Street; Mrs. Crownover was driving southbound on Line Avenue.
Officer Hathorn was responding to an unrelated hit and run call. He had stopped a van on Jordan Street. Officer Hathorn got out of his vehicle and told the driver to proceed across Line Avenue to a parking lot. Officer Hathorn testified that he returned to his vehicle and observed that the traffic signal (his light) was green when he entered the intersection. He testified that he was approximately ten feet into the intersection when he noticed the signal turn red, at which time he activated his siren to warn south and northbound traffic on Line Avenue. Officer Hathorn testified that Mrs. Crownover ignored the police car's flashing overhead lights and siren and immediately proceeded through the intersection, hitting his police car on the rear passenger side. Officer Hathorn stated that the videotape recorder in his patrol car, which ordinarily activates automatically when the emergency lights are turned on, was running at the time of the incident. However, Officer T.C. Jowers, the patrol supervisor, testified that the tape was damaged and destroyed when he tried to remove it.
Mrs. Crownover testified that she was driving south on Line Avenue in the right lane, and that her traffic signal was green as she drove up and over the hill into the intersection.
Three eyewitnesses who are not parties to this case testified. Ricardo Moore was northbound on Line Avenue in the center lane adjacent to the left turn lane. At first Moore was unsure, but after continued questioning from plaintiffs' attorney, he testified that the northbound traffic signal was green when he approached. Moore stated that he did not proceed despite the green light because Officer Hathorn had blocked the path with the patrol car, which had activated its overhead lights. Moore testified that, at the time of the collision, Officer Hathorn was not operating his siren.
Marsha Tiller was southbound on Line Avenue in the left lane. She testified that Officer Hathorn's sirens and overhead lights were activated. Ms. Tiller testified that her traffic signal turned green when Officer Hathorn reached Line Avenue's right lane, that Officer Hathorn drove cautiously, and that Mrs. Crownover proceeded when her light turned green.
Jean Fisher was westbound on Jordan (the same direction as Officer Hathorn) in the left hand lane. Ms. Fisher's position was third in the line of traffic. Ms. Fisher testified that the westbound traffic signal was red when Officer Hathorn proceeded west through the intersection. She also stated that Officer Hathorn did have his overhead lights activated, but she did not hear his siren when he entered the intersection. Ms. Fisher testified that, as one *318 proceeds west on Jordan, one cannot see vehicles approaching southbound on Line Avenue because of the hill.
The matter was tried on December 18, 2007, and judgment was rendered on the same day. The trial court found that the weight of the evidence showed that Mrs. Crownover had a green light, and that Officer Hathorn drove through the intersection on a red light. Due to the disparity of the testimony as to whether Officer Hathorn's overhead lights and siren were activated, the trial court found insufficient evidence to find Mrs. Crownover to be comparatively at fault for the collision.
The trial court cast Officer Hathorn with 100% fault, and awarded Mrs. Crownover $25,000 in general damages and $3,548.77 in special damages for medical costs. The trial court awarded Mrs. Crownover's husband Sam $5,000 for loss of consortium. Defendants now appeal, arguing that the trial court erred in finding that Officer Hathorn entered the intersection under a red traffic signal, allocating Officer Hathorn 100% of the fault, awarding Mrs. Crownover excessive general damages, and awarding Sam Crownover excessive damages for loss of consortium.

Discussion
It is well-settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless such finding is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993); Neloms v. Empire Fire & Marine Ins. Co., 37,786 (La.App. 2d Cir.10/16/03), 859 So.2d 225. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Neloms, supra. In fact, where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.

The Traffic Signal
Defendants urge this court to find the that the trial court erred in not crediting Ms. Tiller's testimony that Officer Hathorn's light was green over the testimony of Ms. Fisher and Moore that the signal was red. We cannot do so. Both Ms. Fisher and Moore were clear in their testimony that they remember that the officer ran a red light. Trial courts are often forced to choose between conflicting yet individually honest testimonies. Given the trial court's superior position to view the demeanor of the witnesses, we cannot say that the trial court erred in finding that Officer Hathorn entered the intersection under a red traffic light. See Crisler v. Paige One, Inc., 42,563 (La.App. 2d Cir.01/09/08), 974 So.2d 125.

Allocation of Fault
Defendants next urge this court to find that the trial court erred when it allocated all of the fault for the accident to Officer Hathorn.
A trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, a trial court must consider the nature of each party's conduct and the extent of the causal relationship between that conduct and damages. McCullin v. U.S. Agencies Casualty Ins. Co., 34,661 (La.App. 2d Cir.05/09/01), 786 So.2d 269. Factors which may influence the degree of fault assigned to each party include: (1) whether *319 the conduct resulted from inadvertence or involved an awareness of danger; (2) how great a risk the conduct created; (3) the significance of what the actors sought by the conduct; (4) the capacities of the actors, whether superior or inferior; and (5) any extenuating circumstances which might require the actors to proceed in haste, without proper forethought. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Bennett v. Louisiana Farm Bureau Cas. Ins. Co., 43,216 (La.App. 2d Cir.04/30/08), 983 So.2d 966.
A motorist's duty of care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards. Williams v. City of Monroe, 27,065 (La.App. 2d Cir.07/03/95), 658 So.2d 820, writs denied, 95-1998, 95-2017 (La.12/15/95), 664 So.2d 451, 452. A motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances. Edwards v. Horstman, 96-1403 (La.02/25/97), 687 So.2d 1007. The trial court's apportionment of fault is a factual determination subject to the manifest error standard of review. Williams, supra.
In this case, Mrs. Crownover was stopped in the far right-hand lane on an incline. When the signal changed to green, she proceeded into the intersection. Mrs. Crownover's view to the left was somewhat limited by her position on the hill and vehicles in the adjacent lane. We cannot say that the trial court was manifestly in error or clearly wrong in finding Mrs. Crownover free of fault.

General Damages
Defendants next argue that the trial court's award to Mrs. Crownover of $25,000 in general damages was excessive in light of jurisprudence, and that this court should reduce the award.
When damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages. La. C.C. art. 1999. In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La. C.C. art. 2324.1. This discretion is great, even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1262 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Hunt v. Safeway Ins. Co., 35,306 (La.App. 2d Cir.12/05/01), 804 So.2d 724. Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper. Locke v. Young, 42,703 (La.App. 2d Cir. 12/12/07), 973 So.2d 831.
Mrs. Crownover testified that she was examined by her physician, Dr. B.L. Bickham, on June 8, 2004, a week after the accident. Dr. Bickham found Mrs. Crownover to have suffered a contusion of her left chest and shoulder as well as a cervical strain. Dr. Bickham prescribed an antiinflammatory agent and injected Mrs. Crownover with Decadron, and saw and treated Mrs. Crownover five times from June 8, 2004, to November 15, 2005. In addition Mrs. Crownover attended approximately 50 physical therapy sessions between August 4, 2004, and April 29, 2005.
Mrs. Crownover testified that she continued to have lower left back pain, she can no longer drive a car, she has been limited in her daily activities, and she can no *320 longer accompany her husband when he plays golf.
The trial court took note that Mrs. Crownover was 79 years old at the time of the accident. The trial judge emphasized that he believed Mrs. Crownover's testimony that she still experienced pain until the day of trial, approximately three and one-half years later. In addition, the court observed that Mrs. Crownover no longer drives a car due to her injuries.
The issue at hand is whether or not the award is reasonable under the interpretation of the evidence most favorable to the plaintiff. Locke, supra. Given the trial court's great discretion, and finding no factual error or abuse, we find no error in the trial court's granting an award of $25,000 for general damages.

Loss of Consortium
Defendants argue that it was improper for the trial court to grant Sam Crownover any award for loss of consortium for his wife's injuries, and in the alternative contend that the award of $5,000 was excessive.
In general, a claim for loss of consortium has seven elements: (1) loss of love and affection, (2) loss of society and companionship, (3) impairment of sexual relations, (4) loss of performance of material services, (5) loss of financial support, (6) loss of aid and assistance, and (7) loss of fidelity; to be compensable, it is not necessary for a claim for consortium to include damages from each type of loss. Bassett v. Toys `R' Us Delaware, Inc., 36,434 (La.App. 2d Cir. 12/30/02), 836 So.2d 465, writ denied, 03-0560 (La.04/25/03), 842 So.2d 408. Not every physical injury will result in a loss of consortium or other general damages. O'Neal v. Scott, 34,276 (La.App. 2d Cir.12/20/00), 775 So.2d 1155. A loss of consortium award is a fact-specific determination, to be decided case-by-case, and is disturbed only if there is a clear showing of an abuse of discretion. Quinn v. Wal-Mart Stores, Inc., 34,280 (La.App. 2d Cir.12/06/00), 774 So.2d 1093 Entitlement to loss of consortium damages is a question of fact which will not be reversed in the absence of manifest error. Marcum v. Johnston, 32,637 (La.App. 2d Cir.01/26/00), 750 So.2d 1186.
We find no abuse of discretion in this award. Sam Crownover testified that, after his wife's accident, he must drive for her as she no longer can, the couple did not have sex for "quite a while" during her recuperation, he is forced to perform additional household chores, and Mrs. Crownover can no longer accompany him while he golfs as the golf cart hurts her back (he emphasized that this was a shared activity that they had both enjoyed). The trial court found that the Crownovers have a solid and long-lasting relationship that has been affected by the restrictions on Mrs. Crownover caused by the accident. We will therefore not disturb the trial court's award to Sam Crownover of $5,000 for his loss of consortium.

Conclusion
For the foregoing reasons, we AFFIRM the judgment of the trial court.