GASKINS, J.
11 This case involves a three-vehicle accident. The defendant driver, Harold E. Whitlock, was involved in an initial crash with a truck that caused his car to spin. He then collided with a car driven by the plaintiff driver, Delores King. Mr. Whit-lock and his insurer, State Farm Mutual Automobile Insurance Company, appeal from a trial court judgment finding that Ms. King was not at fault and awarding her general damages of $30,000 for her broken foot. We affirm.
FACTS
At about 6:50 a.m. on November 19, 2003, Mr. Whitlock was traveling east on Highway 34 in Ouachita Parish in his Dodge Intrepid. He was involved in an accident with an F450 Ford flatbed truck driven by Robert Williams. Mr. Williams was struck from the rear by Mr. Whitlock. Ms. King, who was also driving east on Highway 34 in her Toyota Camry, saw the initial accident and attempted to avoid it by braking and driving on the shoulder. However, as a result of his collision with Mr. Williams’ truck, Mr. Whitlock’s car turned counterclockwise and ended up on the shoulder of the highway in her path at a 45-degree angle. Ms. King was unable to stop in time and struck Mr. Whitlock’s car on the driver’s side. Mr. Whitlock was the only motorist cited by the trooper who investigated the accident; he was given a citation for careless operation under La. R.S. 32:58.
On November 18, 2004, Ms. King filed suit against Mr. Whitlock and State Farm. She claimed that the initial accident was the result of Mr. Whitlock hitting the rear of the vehicle in front of him. This, in turn, caused |2his car to turn to a 45-degree angle, ultimately resulting in the collision with Ms. King’s car.
On April 18, 2005, the defendants filed an answer in which they claimed that Ms. King was 100 percent at fault in the collision; they also pled the sudden emergency doctrine. They also asserted a reconven-tional demand against her and her insurer, Louisiana Farm Bureau Casualty Insurance Company, alleging that Mr. Whit-lock’s wife and passenger, Eva, was injured and required medical attention as a result of Ms. King’s negligence.
In their answer to the defendants’ re-conventional demand, Ms. King and Louisiana Farm Bureau alleged that the accident was the fault of either Mr. Whitlock or Mr. Williams, who caused an emergency situation by pulling out in front of Mr. Whitlock. Additionally, Ms. King and Louisiana Farm Bureau filed a reeonven-tional demand against Mr. Whitlock and State Farm in which claims were made for the amounts Louisiana Farm Bureau had expended on medical payments and prop *37 erty damage. The defendants filed a general denial to these claims.
The matter was tried on August 24, 2011. Ms. King and Kirk Knowles, the Louisiana state police trooper who responded to the accident, testified on behalf of the plaintiff. Ms. King testified that as soon as she saw Mr. Whitlock apply his brakes, she began to brake also and that she tried to avoid the Whitlock car by going onto the shoulder. However, the evasive maneuver was unsuccessful due to the spinning of the Whitlock car. As a result of the accident, Ms. King sustained a broken foot, which was |3very painful and required her to use a walking boot and/or crutches for six to eight weeks. While her injury did not compromise her ability to do her work as a school paraprofessional, it restricted some of her other activities. According to Ms. King, she still suffers pain in her foot depending upon the weather and her activities. Trooper Knowles testified that, based upon his investigation, Mr. Whitlock was the only person he cited for the accident. According to measurements taken by the trooper at the scene after the accident, the collision occurred 152 feet east of the intersection of Highways 34 and 3033.
The defendants presented the trial testimony of Paige Nell, a State Farm adjuster who took some measurements and photos at the accident scene several years after the accident, and the deposition of Mr. Williams, who estimated that Mr. Whitlock hit him 100 yards past the intersection of Highways 34 and 3033. Mr. Whitlock did not testify; his attorney stated that over the years he had lost contact with him. At the end of trial, the judge took the matter under advisement.
On October 25, 2011, the trial court issued a written ruling and judgment. The court found Mr. Whitlock 100 percent at fault and Ms. King free of fault. Specifically, the court concluded that after encountering the Williams truck, the Whit-lock vehicle turned counterclockwise and went onto the shoulder of the road in the path of the King car. Despite Ms. King’s efforts to make an evasive maneuver, she hit the Whitlock car. As a result of the accident, Ms. King suffered a broken foot and ligament injuries. The court found that at the time of trial, seven years later, Ms. 14King still experienced some pain and “labored with the possibility of permanent pain.”
The court awarded Ms. King the following: medical bills, $3,485.37; property damage, $1,192.36 and $2,336.29; and general damages, $30,000. Costs were assessed against State Farm.
State Farm and Mr. Whitlock appeal.
ALLOCATION OF FAULT

Law

A trial court’s findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993); Holland v. State Farm Mutual Automobile Insurance Company, 42,753 (La.App.2d Cir.12/05/07), 973 So.2d 134. To reverse a fact finder’s determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart, supra. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, supra.
*38 Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989). Further, when findings are based on determinations regarding credibility of witnesses, the | .^manifest error-clearly wrong standard demands great deference to the trier of fact’s findings. Rosell v. ESCO, supra.
A well established presumption exists that, in rear-end collisions, the following driver breached the standard of care set out in La. R.S. 32:81 and is presumed negligent.[1] Mart v. Hill, 505 So.2d 1120 (La.1987); Ebarb v. Matlock, 46,243 (La.App.2d Cir.5/18/11), 69 So.3d 516, writ denied, 2011-1272 (La.9/23/11), 69 So.3d 1164. To rebut the presumption and avoid liability, the following motorist must prove that he had his vehicle under control, he closely observed the lead vehicle, and he followed it at a safe distance under the circumstances. Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided. Holland v. State Farm Mutual Automobile Insurance Company, supra. This alternative exception to the presumption is known as the sudden emergency doctrine. Under the sudden emergency doctrine, a person who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. Holland v. State Farm Mutual Automobile Insurance Company, supra.
|(;The rule of sudden emergency, however, cannot be invoked by one who has not used due care to avoid the emergency. The sudden emergency doctrine is only applicable to the standard of conduct after an emergency has arisen. It does not apply to lower the standard of care required of motorists before the emergency occurs. Ebarb v. Matlock, supra.
The defense of sudden emergency is simply treated as one of the factual considerations used in assessing the degree of fault to be attributed to a party. Manuel v. St. John the Baptist Parish School Board, 98-1265 (La.App.5th Cir.3/30/99), 734 So.2d 766, unit denied, 99-1193 (La.6/4/99), 744 So.2d 632.
A trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, a trial court must consider the nature of each party’s conduct and the extent of the causal relationship between that conduct and damages. Crownover v. City of Shreveport, 43,521 (La.App.2d Cir.9/17/08), 996 So.2d 315. Factors which may influence the degree of fault assigned to each party include: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985); Crownover v. City of Shreveport, supra.
*39 17The existence of negligence and the allocation of fault are factual determinations and subject to the trial court’s great discretion. Easter v. Direct Insurance Company, 42,178 (La.App.2d Cir.5/9/07), 957 So.2d 323.

Discussion

The defendants argue that Ms. King had sufficient time and distance to avoid the collision with Mr. Whitlock. They assert that the presumption against a rear-ending driver should be applied against her and that she should be held 100 percent liable for the accident.
Ms. King was the only witness to testify as to how the accident actually occurred. She was following behind Mr. Whitlock’s car on Highway 34. She briefly lost sight of his car due to a crest in the road. When she came over the crest of the hill, she saw Mr. Whitlock slam on his brakes ahead of her. In response, she immediately applied her own brakes. Given the great length of time that had passed since the accident, Ms. King could not give an exact measurement of how far away she was when she saw the initial collision. She could only say that she was at least two to three car lengths away. She was not speeding; she was going about 50 mph in a 55 mph speed zone. Nothing was diverting her attention, and she took evasive action by steering onto the shoulder, which was wide enough for a car to drive on. According to Ms. King, she was most of the way onto the shoulder. However, when Mr. Whitlock struck the Williams truck, his car “popped” off the truck and spun counterclockwise toward her. She was unable to get out of his way. The front of her car struck the driver’s side of the Whitlock car. Ms. King testified that, but for the spinning of 18the Whitlock car after its collision with the Williams truck, she believed she would not have collided with the Whitlock car.
In support of their argument that Ms. King had sufficient distance to avoid the Whitlock car, the defendants presented the testimony of a claims adjuster who went to the accident scene several years after the accident and took photos and measurements. However, the photos and measurements taken by the adjuster were based upon her belief that the accident occurred 152 feet east of a certain mile marker. The state trooper who investigated the accident testified at trial that the accident occurred 152 feet east of the intersection of Highways 34 and 3033. Consequently, the adjuster’s testimony was of little use in deciding liability in the instant case. The same was true of Mr. Williams’ estimate that the accident occurred about 100 yards past the intersection when the trooper measured the distance and determined that it was actually 152 feet.
The collision between Mr. Whitlock and Mr. Williams was, by all accounts, a classic rear-end accident. Accordingly, the presumption against the following driver is fully applicable against Mr. Whitlock in the first collision. However, the same is not true of the second collision between Mr. Whitlock and Ms. King. This accident was caused by Mr. Whitlock’s creation of an unreasonably dangerous situation in running into the truck ahead of him. Ms. King observed the accident ahead of her which was caused by Mr. Whitlock’s negligence. She reacted to this sudden emergency by taking reasonable actions to avoid a collision, i.e., braking 19and steering onto the shoulder. Unfortunately, her efforts were thwarted by the unexpected spinning of Mr. Whitlock’s car as it “popped” off the back of the Williams truck.
Based upon our review of the record, we find no manifest error in the trial court’s *40 assessment of 100 percent of the fault to Mr. Whitlock and its finding that Ms. King was free of fault.
DAMAGES

Law

The trial court has much discretion in awarding damages in tort cases. La. C.C. art. 2324.1; Morris v. Flores, 36,932 (La.App.2d Cir.3/7/03), 840 So.2d 1257.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. Smith v. City of Shreveport, 46,596 (La.App.2d Cir.9/21/11), 73 So.3d 496. The standard of review for an award of general damages is abuse of discretion. The trial court is afforded much discretion in fixing general damages because of its superior position to evaluate the witnesses’ credibility and see the evidence firsthand. The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award but to review the exercise of discretion of the trial court. Williams v. Ruben Residential Properties, LLC, 46,040 (La.App.2d Cir.3/2/11), 58 So.3d 534; Smith v. City of Shreveport, supra.
Only after an articulated analysis of the facts discloses an abuse of discretion, is it appropriate for a reviewing court to resort to prior awards in | msimilar cases. If the award is abusively high, it is reduced to the highest amount the trier of fact could have awarded. For an award to be considered excessive and an abuse of discretion, it must be so high in proportion to the seriousness of the injury that it shocks the conscience. Holland v. State Farm Mutual Automobile Insurance Company, supra.

Discussion

The defendants contend that the general damages of $30,000 awarded to the plaintiff for her broken foot were excessive.
Ms. King testified that she fractured the top of her right foot as a result of the auto accident and the injury was very painful. She was transported from the accident scene by ambulance. She was told that no surgical repair of the fracture was possible. She was placed in a walking boot for six weeks and was required to continue to use crutches for several weeks after the boot was removed. As a result of her injury, she could not garden or perform certain housekeeping activities at home. She also was unable to engage in certain recreational activities, such as dancing and roller skating. However, her employment as a school paraprofessional was not adversely affected. Ms. King further testified at trial that even though it had been almost eight years since the accident, she still suffered occasional pain depending upon the weather and her activities.
Given the painful injury inflicted upon Ms. King as a result of this auto accident and the fact that she still suffers pain occasionally more than seven years after the event, we find no abuse of the trial court’s discretion in awarding general damages of $30,000. The trial court had the benefit of | nobserving the witness’ testimony and obviously found her continuing pain complaints to be credible.
See and compare Martin v. Boh Bros. Construction Co., LLC, 2005-1300 (La. App.4th Cir.6/7/06), 934 So.2d 196, wherein $20,000 in general damages was awarded to a plaintiff who sustained a broken foot and was still suffering pain and swelling three years after the accident, and Hall v. Wal-Mart Stores, Inc., 2001-0947 (La. App.4th Cir.4/10/02), 816 So.2d 335, wherein a total of $32,260.27 in damages was *41 awarded to a fíve-year-old boy who suffered a broken foot.
CONCLUSION
The trial court judgment is affirmed. Costs of this appeal are assessed against the appellants, Harold E. Whitlock and State Farm Mutual Automobile Insurance Company.
AFFIRMED.

. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. La. R.S. 32:81(A).