WELCH, J.,
dissents.
IH respectfully disagree with the majority opinion. The majority found, after reviewing the evidence, that a reasonable factual basis did not exist for the trial court’s determination that Mr. Fischer’s conduct was a cause-in-fact of Ms. Roberts’ alleged injuries because Ms. Rudzis either brought the “emergency” on herself or did not use the required due care to avoid it. Thus, the majority concluded that the trial court was clearly wrong in determining that Ms. Roberts satisfied her burden of proof by a preponderance of the evidence, that the trial court’s finding that Fischer was liable for the accident was manifestly erroneous, and that all claims against Mr. Fischer must be dismissed. . In my opinion, the trial court legally erred in finding Mr. Fisher 100% at fault for the accident and this legal error interdicted the fact finding process insofar as it was required to allocate fault between the parties. However, I believe that the cold record precludes us from making a proper allocation of fault, and therefore, the judgment on appeal should be vacated and this matter remanded to the trial court for an allocation of fault.
Notably, the trial court’s reasons for judgment and its judgment are silent with respect to the fault of Ms. Rudzis and both provide that Mr. Fischer was 100% at fault in causing the accident. Thus, the trial court obviously found that Ms. Rudzis was free from fault in causing the accident. However, the record establishes that both Ms. Rudzis and Mr. Fischer were following motorists, and |2pursuant to La. R.S. 32:81(A), they both had a duty not to follow another vehicle more closely than was reasonably prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. Furthermore, a following motorist in a rear-end collision is presumed to have breached the duty set out in La. R.S. 32:81 and, hence, is presumed negligent. Mart v. Hill, 505 So.2d 1120, 1123 (La.1987); Ly v. State, through the Dept, of Public Safety and Corrections, 633 So.2d 197, 201, writ denied, 634 So.2d 835 (La.1994). Thus, in this case, Ms. Rudzis, the following motorist that rear-ended Ms. Roberts, was presumed negligent and had the burden of exculpating herself from any fault for the accident.
To rebut the presumption of fault and avoid liability for the accident, the following motorist must prove that he had his vehicle under control, that he closely observed the lead vehicle, and that he followed it at a safe distance under the circumstances. Alternatively, the following motorist must show that the lead driver negligently created a hazard that could not reasonably be avoided. King v. State *613 Farm Insurance Co., 47,368 (La.App. 2nd Cir.8/8/12), 104 So.3d 33, 38; see also Ly, 633 So.2d at 201; Fontenot v. Boehm, 512 So.2d 1192, 1194 (La.App. 1st Cir.1987). This alternative exception to the presumption is known as the sudden emergency doctrine. Ly, 633 So.2d at 201; Fontenot v. Boehm, 512 So.2d at 1194. Under the sudden emergency doctrine, a person “who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all of the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.” Hickman v. Southern Pac. Transport Co., 262 La. 102, 112-113, 262 So.2d, 385, 389 (La.1972); see also King, 104 So.3d at 38.
|sHowever, the rule of sudden emergency cannot be invoked by one who has brought the emergency upon himself by his own wrong or who has not used due care to avoid it. The sudden emergency doctrine is applicable to the standard of conduct of a motorist after an emergency has arisen, it does not apply to lower the standard of care required of motorists before the emergency occurs. Fontenot, 512 So.2d at 1195 (quoting 2 Blashfield, automobile Law and Practice § 102.28 (3rd ed.1965)); King, 104 So.3d at 38. Although the sudden emergency doctrine was developed when contributory negligence was a complete bar to recovery, our courts continue to apply the doctrine. Duzon v. Stallworth, 2001-1187 (La.App. 1st Cir.12/11/02), 866 So.2d 837, 858, writs denied, 2003-0589, 2003-0605 (La.5/2/03), 842 So.2d 1101, 1110. Although the sudden emergency doctrine has not been subsumed by comparative fault, see Jefferson v. Soileau, 2003-0541 (La.App. 1st Cir.12/31/03), 864 So.2d 250, 253, writ denied, 2004-0594 (La.4/23/04), 870 So.2d 306, the defense of sudden emergency may be treated as one of the factual considerations used in assessing the degree of fault to be attributed to a party. See King, 104 So.3d at 38; Manuel v. St. John the Baptist Parish School Board, 98-1265 (La.App. 5th Cir.3/30/99), 734 So.2d 766, 769, writ denied, 99-1193 (La.6/4/99), 744 So.2d 632.
The trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, the trial court must consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed. In assessing the nature of the conduct of the parties, various factors may influence the degree of fault, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to |4proceed in haste, without proper thought. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967, 974 (La.1985).
After reviewing the record in its entirety, I agree with the trial court that the plaintiff, Ms. Roberts, was free from fault and that defendant, Mr. Fischer, was liable for the accident; however, I find the trial court’s determination that Ms. Rudzis was free from fault and that Mr. Fischer was 100% at fault in causing the accident amounted to legal error. The trial court applied the sudden emergency doctrine and exculpated Ms. Rudzis from negligence based solely on the fact that Mr. Fischer swerved off of the road and that Ms. Rudzis collided with Ms. Roberts’ ve- *614 hide, without any evidence in the record that there was unanticipated hazard that could not be reasonably avoided by Ms. Rudzis. In effect, the trial court ignored the fact that Ms. Rudzis was presumed negligent for colliding with Ms. Roberts and that Ms. Rudzis (or the plaintiff on her behalf) had the burden of proving that Ms. Rudzis’ conduct was reasonable and not negligent prior to the time that Mr. Fischer swerved in order for her to be exculpated from fault in causing the accident. Neither Ms. Rudzis nor the plaintiff on her behalf sustained that burden, therefore, the sudden emergency doctrine was not applicable, and the trial court legally erred in applying it herein to absolve Ms. Rudzis from fault.
When a trial court incorrectly applies a principle of law, which causes a substantial deprivation of a party’s rights or materially affects the disposition, it commits a legal error. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Id. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Id. However, there are cases where the weight of the evidence is so nearly | ¿equal that a first-hand view of the witnesses is essential to a fair resolution of the issues. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707, 708 (La.1980). Where such a need arises, the case should be remanded for a new trial. Id. It is the duty of the appellate court to determine when the court can fairly find a preponderance of the evidence from the cold record or whether the case should be remanded. Id.
In this case, I believe that the trial court legally erred in applying the sudden emergency doctrine to exonerate Ms. Rudzis from fault, and that this legal error interdicted the fact finding process by causing it to pretermit an allocation of fault for this accident between Ms. Rudzis and Mr. Fischer based on the factors set forth in Watson, 469 So.2d at 974. However, after reviewing the record herein, the proper allocation of fault between Mr. Fischer and Ms. Rudzis must be based solely on the credibility of the witnesses, and the fact-finder’s firsthand view of their testimony is essential for a fair determination of their credibility. With the need for credibility determinations, a preponderance of the evidence cannot be fairly determined from this cold record. Therefore, the interest of justice would be best served by remanding this case for a new trial. See La. C.C.P. art. 2164.
Thus, I respectfully dissent.