Judgment rendered July 20, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,204-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DEVIN BARFIELD                                    Plaintiff-Appellee

versus

BRANDON AKINS AND                          Defendants-Appellants
SAFEWAY INSURANCE
COMPANY OF LOUISIANA

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019CV04698

Honorable Aisha S. Clark, Judge

* * * * *

RICHIE, RICHIE, & OBERLE, L.L.P.          Counsel for Appellants
By:   Paul Douglas Oberle, Jr.


MANNING LAW FIRM                          Counsel for Appellee
By:   Bobby Ray Manning
      Brennan Rayshad Manning

* * * * *

Before MOORE, PITMAN, STONE,
COX, and HUNTER, JJ.

COX, J., concurs with written reasons.
STONE, J., concurs in part, and dissents in part, with written reasons.
HUNTER, J., dissents with written reasons.

**PITMAN, J.**

Defendants Brandon Akins and Safeway Insurance Company of Louisiana ("Safeway") appeal a judgment which found Akins 100 percent at fault in an automobile accident that injured his passenger, Plaintiff Devin Barfield. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On August 4, 2019, at approximately 5 a.m., Akins was driving south on Highway 165 in Ouachita Parish and was giving his friend, Barfield, a ride home. Akins was driving in the right lane of the highway when he noticed a driver in front of him in the left lane swerving and driving erratically. He followed the driver at a safe distance for 30 seconds to a minute until the driver appeared to have stabilized his vehicle. Akins decided to pass the driver in the right lane; but as he drew beside the car, it swerved into his lane, forcing him off the road, where he crashed into a dumpster located "less than a car length off the road" near the rumble strip.

Barfield was injured in the accident and filed suit against Akins and Safeway claiming that the accident was caused solely by Akins's negligence and that the Defendants are solidarily liable to him. Akins and Safeway answered and pled the negligence of the unknown driver as the cause of the accident and as a defense.

A trial was held, and only Akins and Barfield testified. Both parties agreed that the facts occurred as stated above. Akins testified that had he continued to simply follow the swerving vehicle, he would have arrived at Barfield's house within 15 to 20 minutes. He also testified that because the

unknown driver swerved into his lane as he was parallel to him, the accident was unavoidable and the result of "sudden emergency." He stated that he had no choice but to veer to the right when the driver swerved into his lane and that he did not see the dumpster on the side of the road until he hit it. Barfield testified that they were both watching the other driver and did not see the dumpster on the side of the road. Both Akins and Barfield testified that, had Akins not veered to the right and off the roadway, the other vehicle would have struck them.

The trial court found that "sudden emergency" did not cause the accident but, rather, that it was caused by Akins's negligence in deciding to pass the vehicle instead of following it. Further, it found that the accident was caused by Akins's failure to observe the dumpster on the side of the road or "see what he should have seen"; thus, Akins was assessed with 100 percent fault in the accident. Barfield was awarded $14,864 in damages.

Akins and Safeway appeal the judgment of the trial court finding him to be 100 percent at fault in the accident.

## DISCUSSION

Akins and Safeway argue that the trial court erred in finding him 100 percent at fault in this accident and failing to assess liability to an unknown driver who created a "sudden emergency" resulting in Akins having to leave the roadway. They contend that comparative fault should be applied to find that the negligent driver of the swerving car was the person who was 100 percent at fault in the accident. They assert that none of the evidence at trial reflected any act of negligence on Akins's part. They claim he had not been engaged in any activity which would have taken his attention away from driving safely and that had it not been for the unknown

2

driver swerving fully into his lane and forcing his car off the road, the accident would not have happened.

Barfield argues that the trial court correctly found that the "sudden emergency" did not occur and that the accident could have been avoided by Akins if he had simply followed the swerving car instead of trying to pass it. Further, he claims that the trial court was correct in finding Akins 100 percent at fault because, as the driver of the vehicle, it was his responsibility to exercise ordinary care in its operation, and he failed to do so. He argues that he was able to prove that his injuries were caused by Akins's negligence; thus, the trial court correctly found him to be solely at fault in the accident.

An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Cole v. State Dep't of Pub. Safety & Corr.*, 01-2123 (La. 9/4/02), 825 So. 2d 1134; *Jones v. Fin. Indem. Co.*, 52,421 (La. App. 2 Cir. 1/16/19), 264 So. 3d 660. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So. 2d 880 (La. 1993); *Holland v. State Farm Mut. Auto. Ins. Co.*, 42,753 (La. App. 2 Cir. 12/05/07), 973 So. 2d 134.

Under the sudden emergency doctrine, a person who finds himself in a position of imminent peril and without sufficient time to consider and weigh all the circumstances is not guilty of negligence if he fails to adopt what

subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. *King v. State Farm Ins. Co.*, 47,368 (La. App. 2 Cir. 8/8/12), 104 So. 3d 33, *citing Holland*, *supra*. The rule of sudden emergency, however, cannot be invoked by one who has not used due care to avoid the emergency. *King*, *supra*. The sudden emergency doctrine is only applicable to the standard of conduct after an emergency has arisen. It does not apply to lower the standard of care required of motorists before the emergency occurs. *Id.*, *citing Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164.

La. C.C. art. 2323, which provides for comparative fault in tort cases, states that the degree or percentage of fault of all persons causing or contributing to the injury shall be determined regardless of whether the person is a party to the action or a nonparty and regardless of whether the other person's identity is not known. La. C.C. art. 2324(B) concerns joint liability and states that if liability is not solidary, then the liability is considered joint and divisible. The joint tortfeasor shall not be liable for more than his degree of fault regardless of whether the other person found at fault is known or not. *Id.*

In the case at bar, the trial court specifically found that the "sudden emergency" doctrine did not apply to relieve Akins of liability in this case. Sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. As the trial court stated in its reasons for judgment, this was not a case in which the accident was unavoidable. Akins's testimony was that he was following the swerving car and that he had slowed down his own vehicle while observing the car in front of him.

Despite having seen the car veering in and out of his lane, Akins made the decision to pass the car in the right lane when it appeared the driver had regained control. When the driver of the car swerved, once again, into his lane, Akins had no choice but to either be hit by the swerving car or to drive off the roadway where the dumpster awaited. Had Akins simply ridden behind the swerving vehicle, the accident could have been avoided, even though he would have arrived at his destination slightly later.

The trial court chose not to assess any fault in this accident to the unknown driver and chose, instead, to assign 100 percent of the fault to Akins. Its findings are reasonable in light of the record reviewed in its entirety, and the judgment is not manifestly erroneous. This assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of Devin Barfield and against Brandon Akins and his insurer, Safeway Insurance Company of Louisiana, finding Akins 100 percent at fault is affirmed. Costs of this appeal are assessed to Akins and Safeway Insurance Company of Louisiana.

**AFFIRMED.**

**COX, J., concurs with written reasons.**

Although I may have decided this case differently, I believe that the trial court's conclusion that the "sudden emergency" doctrine did not apply to this case was not manifestly erroneous because the driver, Akins, had the opportunity to avoid this accident. Moreover, the trial court was in the best position to hear the witnesses, evaluate the evidence and credibility of the parties in this matter, and determine fault. As such, I agree with the majority in affirming this decision.

**STONE, J., concurring in part, and dissenting in part.**

**Concurrence**

In essence, the trial court stated in its oral reasons that the defendant was negligent because he did not keep a safe distance behind the phantom vehicle until their paths diverged. The law does not require such an excessive degree of precaution. The defendant's duty did, however, require him to keep a safe distance for more than 30 seconds to a minute; that precautionary interim was unreasonably short. Thus, the trial court, in my opinion, was correct in holding that the defendant was negligent, but apparently reached that conclusion based on an erroneous conception of the law.

**Dissent**

For the following reasons, I respectfully dissent regarding the phantom driver.

It is undisputed that the phantom driver swerved into the defendant's lane. It is also undisputed that this act by the phantom driver forced the defendant to choose between being hit by the phantom vehicle or veering off the road where the dumpster awaited. By necessary implication, the majority opinion holds that a reasonable trier of fact could find that the phantom driver was not negligent. I disagree, and I find the majority's discussion of this point woefully inadequate; in full, the majority states:

> The trial court chose not to assess any fault in this accident to the unknown driver and chose, instead, to assign 100% of the fault to Akins. Its findings are reasonable in light of the record reviewed in its entirety, and the judgment is not manifestly erroneous. This assignment of error lacks merit.

1

This conclusion cannot withstand an application of our law of negligence to the undisputed facts. The majority opinion does not provide such an application, but instead glosses over the matter with broad, vague, conclusory language.

Application of the law of negligence to these undisputed facts unavoidably leads to the conclusion that the phantom driver was negligent. To establish negligence, the party asserting it must prove five separate elements: (1) the actor had a duty to conform his conduct to a specific standard (the duty element); (2) the actor's conduct failed to conform to the appropriate standard (the breach element); (3) the actor's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the actor's substandard conduct was a legal cause of the plaintiffs injuries (legal cause); and (5) actual damages (the damages element). *Fowler v. Roberts,* 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La. 1990); *Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164.

Vehicular traffic on public roads is statutorily regulated in Louisiana; these statutes and the related jurisprudence establish the duty of care applicable to the operation of motor vehicles on public roads in Louisiana. La. R.S. 32:79(1) prohibits drivers from swerving out of their lane:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

This statute establishes motorists' duty regarding lane maintenance and lane changes.

The phantom driver clearly violated La. R.S. 32:79(1) in swerving suddenly into the defendant's lane. This establishes that the phantom driver violated the applicable standard of care (i.e., duty and breach). It is undisputed that, because of this breach of the standard of care by the phantom driver, the defendant was forced to swerve out of his lane of travel and into a dumpster awaiting him on the side of the road. It is also undisputed that the plaintiff's injuries resulted directly from the collision with the dumpster (i.e., cause in fact, legal cause, and damages). Thus, all the elements of negligence are established regarding the phantom driver. No reasonable trier of fact could conclude otherwise. Therefore, the trial court committed manifest error on this point.

This manifest error by the trial court is tantamount to willful disregard of Louisiana's comparative fault system as codified in La. C.C. arts. 2323 and 2324(B). Even if the phantom driver was assigned fault, the plaintiff obviously could not collect from the phantom driver. However, the plaintiff is virtually certain to collect from the defendant's insurer. This is not merely an error, but rather, is an error with serious public policy implications.

This court should reverse the trial court judgment insofar as the trial court failed to attribute any fault to the phantom driver.

**HUNTER, J., dissenting.**

Based on the factual circumstances of this case, I respectfully dissent after concluding there must be an allocation of fault to the unknown driver whose negligence was the impetus of the accident which caused plaintiff's injuries. Applying the factors for determining the degree of fault of the persons involved in the accident, I would assess 20% fault to the unknown driver and 80% fault to defendant.

In an action for damages where personal injury is sustained, the percentage of fault of all persons causing or contributing to the injury shall be determined regardless of whether the person is a party or nonparty or the other person's identity is not known or reasonably ascertainable. La. C.C. art. 2323(A). In assessing the conduct of the parties for the apportionment of fault, the court considers various factors, including whether the conduct resulted from inadvertence or involved an awareness of the danger, how great a risk was created by the conduct and whether the capacity of the actor was superior or inferior. *Watson v. State Farm Fire and Cas. Ins. Co.*, 469 So. 2d 967 (La. 1985). These same factors guide the appellate court's determination of the highest or lowest percentage of fault which could reasonably be assessed. *Hankton v. State*, 2020-00462 (La. 12/1/20), 315 So. 3d 1278.

In this case, the evidence shows the unknown driver owed a duty to maintain control of his vehicle and remain in his lane of travel. However, the unknown driver breached this duty by swerving into the lane of defendant, who then made an evasive maneuver and inadvertently veered off the highway before hitting the dumpster on the side of the road. The testimony described defendant as reacting to the unknown driver's initiating

1

negligence. Thus, this breach of duty by the unknown driver was a cause of plaintiff's resulting injury. Based upon this record, the trial court erred in failing to assess any degree of fault to the unknown driver and the allocation of fault must be adjusted.

In allocating fault, courts must consider both the nature of the conduct and the causal relationship between the conduct and the damages claimed. *Hankton, supra.* After finding a clearly wrong apportionment of fault, the reviewing court should increase an inadequate allocation to the lowest point which is reasonably within the trier of fact's discretion. *Hankton, supra.*

Regarding the conduct of the drivers, the evidence presented shows the accident would not have occurred but for the initial negligence of the unknown driver. Coupling defendant's reaction with the initial acts of the other driver, the defendant was unable to maintain control of his vehicle and veered from the roadway thereby resulting in plaintiff's injuries. Thus, defendant's conduct created a significant risk of harm and he possessed a superior capacity to avoid the accident in comparison to the erratic unknown driver. The factual circumstances demonstrate although the unknown driver is not without fault, defendant bears a greater degree of fault in causing the accident.

Based upon this record and the applicable law, I find the fault of the unknown driver is not less than 20%, which is the lowest amount the trial court could have reasonably allocated to the unidentified motorist. Consequently, I would amend the judgment to apportion 80% fault to the defendant.