DANIEL L. DYSART, Judge.
| plaintiffs, Jeffrey J. Harrington and Patricia Harrington, individually, and on behalf of her minor child, Paul Robert Hanys, appeal the grant of a summary judgment in favor of Boh Bros. Construction Co., L.L.C. (“Boh Bros.”), the City of New Orleans, and United Rentals, Inc. (“United Rentals”).[1] For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
On September 14, 2003, Jeffrey Harrington was driving his automobile southbound on Canal Street in New Orleans, with his wife’s son, Paul Hanys, as his guest passenger. As he entered the intersection with S. Carrollton Avenue, his vehicle was struck by an automobile being driven by defendant, Rachael Bley. Ms. Bley was proceeding northbound on Canal Street, and made a left turn (westbound) onto S. Carrollton Avenue, and was struck by Mr. Harrington?s vehicle. Ms. Bley’s vehicle flipped and struck a third vehicle.
Initially, the plaintiffs sued Ms. Bley, her mother (owner of the vehicle), their insurer, and Mr. Harrington’s insurance company, under his Luninsured/underinsured motorist policy. Plaintiffs settled with the Bleys and their insurer sometime before October of 2007. In June of 2008, plaintiffs sued Boh Bros., the City of New Orleans, and the State of Louisiana. In December of 2010, plaintiffs added United Rentals as a defendant.[2]
Boh Bros, moved for summary judgment on July 1, 2011, and United Rentals moved for summary judgment on September 7, 2011. Plaintiffs opposed both. A hearing was held on October 21, 2011, and judgment was rendered November 2, 2011. The trial court granted the summary judgments, dismissing all claims by plaintiffs against Boh Bros, and United Rentals.
This appeal followed.
A. Standard of Review
“Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” King v. Parish Nat’l Bank, 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545 (quoting La.Code Civ. Proc. Art. 966 A(2)). Motions for summary judgment are reviewed on appeal de novo. The same criteria that govern the trial court’s determination of whether summary judgment is appropriate are used by the reviewing court. Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and *66 that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. Art. 966 B.
|SB. Motion for Summary Judgment on behalf of Boh Bros.
Boh Bros, moved for summary judgment arguing that the sole cause of the accident was Ms. Bley’s running of the red light controlling her travel at the corner of Canal Street and S. Carrollton Avenue. It argued that the plaintiffs’ new theory of liability, i.e., the accident was caused by Boh Bros.’s failure to place a no left turn sign on Canal Street, was a red herring.
In support of its motion for summary judgment, Boh Bros, attached a copy of the police report which indicated that the day of the accident was clear and that the roads were dry, with no defects. The report indicated that the primary reason for the accident was Ms. Bley’s disregard of a traffic control, specifically a red light. She was cited for disregarding a red light and for making an illegal left turn.
Also attached was an excerpt of Mr. Harrington’s deposition in which he stated that he had a green light as he proceeded along Canal Street into the intersection with S. Carrollton Avenue. He stated that Ms. Bley’s vehicle came “out of nowhere.” He remembered that other cars were stopped on S. Carrollton at the red light.
Excerpts of the deposition of Officer Vaughn Valeary, the investigating officer, were also attached to the motion. He testified that Ms. Bley made a left turn off of Canal Street, and then proceeded through the median on a red light. He did not note an absence of any traffic controls at the intersection. Officer Valeary further testified that the on-going construction work on the neutral ground (laying of street car lines) did not contribute to the accident.
Boh Bros, also attached excerpts of Ms. Bley’s deposition. She testified that she had finished shopping at a grocery store on S. Carrollton, and cut through |4another store’s parking lot onto Canal Street because the traffic was congested on S. Car-rollton due to construction. She stopped for the red light at the intersection of Canal Street and S. Carrollton Avenue. When the light turned green she turned left onto the Canal Street median. She testified that she knew on-coming traffic on Canal Street would also have a green light, which is why she “paused” in the median. She claims that she never saw the Harrington vehicle until it hit her. Ms. Bley admitted that she was issued a citation for an illegal left turn and for running a red light, but testified that the ticket was dismissed.
The final exhibit attached to Boh Bros.’s motion was the affidavit of Brad Reide-nauer, the project manager for Boh Bros, in charge of the street car line construction project. He stated that because the accident occurred on a Sunday, Boh Bros, was not working, but did have its equipment stored on the neutral ground. The equipment was stored in such a way that it did not obstruct the view of traffic at the intersection. All lanes of travel on Canal-Street were open; however, the north or lake side of S. Carrollton was closed. Traffic on S. Carrollton was two-way on the south or river side. Boh Bros, had contracted with Urban Systems Associates, Inc., to design a traffic light control plan for the construction, and on the date of the accident, all light controls were in place and working. The traffic light control devices were installed prior to the date of the accident by an entity other than United Rentals, with whom Boh Bros, had contracted to install signs, barricades and school zone beacons. Mr. Reidenauer also stated that AECOM USA, Inc., was the inspection company hired by the Regional *67 Transit Authority to make daily inspections of Boh Bros.’ work and the traffic lights along the construction route.
|fiIn opposition to the motion and in briefs to this Court, plaintiffs take issue with Boh Bros.’s contention that plaintiff, Jeffrey Harrington, judicially confessed in his deposition that Ms. Bley was the sole cause of the accident. Specifically, Boh Bros, points out that Harrington testified that Ms. Bley ran a red light and that he did not have time to stop before striking the Bley vehicle. Ms. Bley admitted that she was aware of on-coming traffic on Canal Street and that those vehicles had a green light, which is why she “paused” before completing her turn. She claims to have looked, but did not see a vehicle approaching. She added that there was a curve in the road, so there might have been bad visibility. However, that statement is contradicted by the police report.
In support of their opposition to the motion, plaintiffs attached a copy of the original petition and an excerpt from Ms. Bley’s deposition. The excerpt is the same testimony used by Boh Bros, to support its motion, i.e., Ms. Bley turned left, paused, and proceeded into the on-coming traffic on a red light.
After a de novo review, we reach the same conclusion as the trial court. There is no genuine issue of material fact concerning the cause of the accident, that is, if Ms. Bley had not run the red light controlling her lane of travel, no accident would have occurred.
C. Motion for Summary Judgment on behalf of United Rentals:
United Rentals argues that but for Ms. Bley disregarding the red light, the accident would not have happened. Specifically, United Rentals argues that it had no responsibility for installing the allegedly missing no left turn sign, and therefore, it could not be held responsible for the accident under any scenario.
Attached to its memorandum in support of the motion was the affidavit of Tom Ervin, the manager of United Rentals, which was hired by Boh Bros, to ^provide temporary signs and barricades for the streetcar project. United Rentals was not responsible for installing traffic light control devices or installing signs on traffic light control devices.
Plaintiffs opposed the motion arguing that there was a genuine issue of material fact regarding whether the failure to have a no left turn sign at the intersection was a proximate cause of the accident, and whether United Rentals was responsible for the allegedly missing sign.
After a de novo review, we conclude that United Rentals was not responsible for the accident sued upon; rather, the sole cause of the accident was the fault of Ms. Bley.
Accordingly, for the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED

. Plaintiffs only oppose the summary judgment in favor of Boh Bros, and United Rentals, not the City of New Orleans. Accordingly, only Boh Bros, and United Rentals have filed appellee briefs herein.

. Other defendants were also added, but were subsequently dismissed either voluntarily or by rulings of the court.