Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,949-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RODERICK MITCHELL                          Plaintiff-Appellant

versus

JOLEE CHAMBERS, STATE                      Defendants-Appellees
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, HENRY
HORTON, AND FOREMOST
INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 638,951

Honorable Christopher T. Victory, Judge

* * * * *

THE LAW OFFICE OF ALLEN                    Counsel for Appellant
COOPER, LLC
By: James Allen Cooper, Jr.
    Joseph Christopher Miciotto

LUNN IRION LAW FIRM, LLC                   Counsel for Appellees,
By: Gerald Martin Johnson, Jr.            Henry Horton, and
                                           Foremost Insurance
                                           Company Grand Rapids,
                                           Michigan

* * * * *

Before COX, STEPHENS, and MARCOTTE, JJ.

**MARCOTTE, J.**

This devolutive appeal arises from the First Judicial District Court, Caddo Parish, Judge Chris Victory presiding. Roderick Mitchell ("plaintiff" or "appellant") seeks review of the trial court's judgment granting summary judgment in favor of defendants, Henry Horton ("Horton") and Foremost Insurance Company Grand Rapids, Michigan ("Foremost"). The trial court found no genuine issue of material fact existed that made Horton liable for injuries plaintiff sustained in Horton's truck after it was rear-ended. For the following reasons, we affirm.

## FACTS

This suit arises from an August 15, 2021, automobile accident which occurred on North Market Street in Shreveport, Louisiana, at its intersection with the I-220 eastbound on-ramp. Horton, traveling north on North Market in his 2007 Dodge pickup truck during daytime hours, was pulling a single-axle flatbed utility trailer with a metal mesh ramp that was locked in the raised position. Plaintiff was a guest passenger in Horton's truck.

Horton was in the outside northbound lane of North Market planning to turn right to enter I-220 and go east toward his home. While Horton was stopped for the red light at the intersection, the rear of his trailer was struck from behind by a Ford Fusion driven by defendant Jolee Chambers ("Chambers"). Plaintiff claims he was injured as a passenger in Horton's truck after Chambers collided with the rear of Horton's trailer.

The accident led to two lawsuits. On August 15, 2022, Mitchell filed this suit naming Chambers and her auto insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), alleging the accident was

caused by the negligence of Chambers. Mitchell also named Horton and Foremost as defendants, alleging negligence due to inoperative lights on Horton's trailer.

Horton filed a separate suit against Chambers and State Farm, alleging that Chambers was completely at fault for the accident for following too closely, failing to keep a proper lookout, and failing to bring her vehicle to a stop before the collision – typical allegations against a rear-ending motorist. Horton settled with Chambers and State Farm and this suit was dismissed.

In the instant suit, Mitchell settled his claims against Chambers and State Farm. Thus, his only remaining claim was against Horton and Foremost related to the inoperative lights on Horton's trailer.

In his petition, Mitchell contended that Horton "failed to have properly operating brake lights on the rear of the trailer he was pulling behind his pickup truck," and that he "should have made sure that the brake lights on his trailer were operating correctly." He further contended Horton "should not have operated it when the brake lights were not operating correctly" and that Horton should have inspected the brake lights before operating the trailer.

On December 19, 2022, defendants filed an answer to plaintiff's petition in which they generally denied his allegations. Defendants also asserted that the accident was caused by the sole and exclusive negligence of Chambers.

On October 2, 2023, defendants filed a motion for summary judgment seeking dismissal of Mitchell's claims against them, alleging that the condition of Horton's trailer had no effect on how the accident actually

2

occurred, and that the accident was caused by the negligence of Chambers, the rear-ending motorist. The gravamen of defendants' motion was that the sworn testimony of the parties involved in the accident established that Horton's conduct and the condition of the trailer had nothing to do with the accident and that there was no causal relationship between the condition of the trailer and the accident.

Defendants attached photographs of the vehicles and trailer, claiming they established that the lights on Horton's truck were working and that Horton's trailer, even without lighting on it, did not obstruct Mitchell's view of Horton's truck. Defendants also pointed out that Chambers herself admitted responsibility for the accident because she was following too closely behind Horton's trailer and failed to stop in time to avoid the collision.

On November 6, 2023, Mitchell filed an opposition to defendants' motion for summary judgment, claiming that there were numerous issues of material fact that precluded summary judgment, including whether Horton was negligent in failing to hook up the brake lights on his trailer and whether such failure was a cause of the accident.

On November 20, 2023, the trial court granted defendants' motion for summary judgment with oral reasons expressed in open court on the day of the hearing. The trial court found that Mitchell could not, as a matter of law, establish the essential elements of a causal relationship between the accident and Horton's conduct or the condition of his trailer.

Mitchell now appeals the trial court's ruling granting defendants' motion for summary judgment.

**DISCUSSION**

*Summary Judgment*

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880; *Driver Pipeline Co. v. Cadeville Gas Storage, LLC*, 49,375 (La. App. 2 Cir. 10/1/14), 150 So. 3d 492, *writ denied*, 14-2304 (La. 1/23/15), 159 So. 3d 1058. Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969(A)(2). The procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2).

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Leisure Recreation & Ent., Inc. v. First Guar. Bank*, 21-00838 (La. 3/25/22), 339 So. 3d 508; *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Elliott v. Cont'l Cas. Co.*, 06-1505 (La. 2/22/07), 949 So. 2d 1247; *Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So. 2d 1180; *Davis v. Whitaker*, 53,850 (La. App. 2 Cir. 4/28/21), 315 So. 3d 979.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Because it is the applicable substantive law that

determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876; *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So. 2d 131.

A genuine issue is one about which reasonable persons could disagree. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So. 2d 37, *citing Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, (La. 7/5/94), 639 So. 2d 730; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Suire, supra; Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.

On a motion for summary judgment, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

In the context of a motion for summary judgment, a defendant can prove the absence of causation with undisputed evidence. When a motion for summary judgment based on a lack of causation is properly supported with undisputed facts, the plaintiff must come forward with credible evidence to support causation and cannot rely on a mere allegation of its presence. *Pellerin v. Foster Farms, L.L.C.*, 54,829 (La. App. 2 Cir. 1/11/23), 354 So. 3d 790.

*Sudden Emergency*

Appellant argues that the trial court erred in not finding a material issue of fact created by Chambers' testimony that Horton started driving forward then abruptly stopped for no reason, thereby creating a "sudden emergency" which caused or contributed to the accident. Mitchell claims that this alone creates a genuine issue of material fact sufficient to defeat summary judgment.

Appellees claim that there was no "sudden emergency" with respect to this accident. Appellees assert that even if Horton moved forward, then stopped when the light turned green, as Chambers contends, her admission that she was still following Horton's trailer too closely and her failure to observe any brake lights on Horton's pickup at any time mean any such motion by Horton did not create a hazard, and even if it did, Chambers could have avoided it.

Under the sudden emergency doctrine, a person who finds himself in a position of imminent peril and without sufficient time to consider and weigh all the circumstances is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless

6

the emergency is brought about by his own negligence. *Barfield v. Akins*, 54,204 (La. App. 2 Cir. 7/20/22), 342 So. 3d 1169. The rule of sudden emergency, however, cannot be invoked by one who has not used due care to avoid the emergency. *King v. State Farm Ins. Co.*, 47,368 (La. App. 2 Cir. 8/8/12), 104 So. 3d 33.

The sudden emergency doctrine is only applicable to the standard of conduct after an emergency has arisen. It does not apply to lower the standard of care required of motorists before the emergency occurs. *Id.*, *citing Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164.

Here, Chambers was at all times the following motorist required to use a high degree of care, irrespective of any motion of Horton's vehicle. Thus, while the discrepancy between Chambers' testimony and Horton's regarding the accident sequence may raise a genuine issue, it is not one of material fact sufficient to defeat summary judgment.

Moreover, Mitchell himself never raised the "sudden emergency" issue in his petition, nor did Chambers ever raise the issue as an affirmative defense. When asked about the sequence of events leading up to the accident, Mitchell testified as follows:

> Q: Was the truck and the trailer -- were they both still at a complete standstill when the impact from the other vehicle occurred?
>
> A: No, sir. It moved just a little bit.
>
> Q: But I mean before that, at the time of the impact?
>
> A: Yes. At the time of the impact, it was still. He was on his brakes.
>
> Q: And it was in the -- was it in the same position

7

> that it had been in when y'all came to a stop at that red light?
>
> A: Yes, sir.
>
> Q: So it wasn't like he stopped and eased forward that may have caused somebody behind them to think that he was moving ahead? Nothing like that happened, did it?
>
> A: No, sir.
>
> Q: Y'all were stopped the whole time?
>
> A: Completely stopped.

Thus, plaintiff's own testimony does not in any way indicate that Horton created a sudden emergency which contributed to the accident. To the contrary, it indicates that Chambers failed in her duty to see what she should have seen, especially considering the undisputed fact that she had a clear view of Horton's truck and trailer as well as the brake lights on Horton's truck.

Moreover, Chambers' admission that she was following Horton at no more than "an arm's length" seriously undermines Mitchell's "sudden emergency" claim. The "sudden emergency" doctrine is not applicable when the party asserting it was also negligent. *See Waters v. Oliver*, 2016-1262 (La. App. 4 Cir. 6/22/17), 223 So. 3d 37 (refusing to apply the doctrine in connection with a bus driver who was following another vehicle too closely and had to suddenly brake, causing injury to a bus passenger).

Here, the hazard was created by Chambers following too closely behind Horton. Accordingly, the "sudden emergency"

8

doctrine does not inure to the benefit of Mitchell, a passenger in Horton's vehicle.

This assignment of error lacks merit.

*Failure to Plug in Trailer Brake Lights and Causation*

Mitchell also avers that the trial court erred in not finding that Horton's failure to plug in his trailer brake lights to his truck created a genuine issue of material fact. Mitchell claims that Horton's failure to plug in his trailer's brake lights meant that Chambers did not have adequate notice that the vehicle in front of her was stopped.

Mitchell also argues that the warning provided by brake lights helps avoid accidents at night or during the day, thus the trial court erred in finding that whether a rear-ended driver's brake lights were working prior to a rear-end collision only matters at night. Mitchell points out that if darkness were required for brake lights to need to be working, then the law would not require them to work during the day. Mitchell claims that a reasonable trier of fact could find that the impact would not have happened or would have been less severe if Horton's brake lights had been working, thereby giving Chambers a warning of the sudden, abrupt stop that he was making.

Appellees argue that the evidence is clear that the condition of Horton's trailer was not a causal factor in the accident, and that the trial court correctly concluded the accident would have happened regardless of whether Horton's trailer lights were working. Appellees point out that Horton's truck had brake lights on each side of its rear and above the cab, and that the testimony of all three parties involved in the accident made clear that Chambers' view of these brake lights was not obstructed by the trailer.

9

Therefore, appellees argue the fact that the accident happened in the daytime is immaterial because the trailer's lack of lighting was not a causal factor in the accident.

To establish that Horton was liable for the accident, Mitchell must not only prove Horton was negligent in some way but also that his negligence caused or contributed to the accident. In other words, the issue of causation depends on whether the accident would have happened without consideration of any negligence on the part of Horton.

Horton's truck and trailer are shown in several photographs taken at the scene after the accident which were attached to the motion for summary judgment. The photographs show a small, single-axle, flatbed trailer with a metal grid ramp that was raised and secured in a vertical position for transport and travel. The photographs also show that Horton's truck had two brake lights on each side of its rear and another one above the rear of the cab.

It is undisputed that all the truck's lights were functioning at the time of the accident and the photographs and undisputed evidence show all three lights were visible to a following motorist in Chambers' position. In describing the photographs in his deposition, Mitchell said the brake lights on the truck were visible through the trailer and that he believed Chambers would have been able to see the truck's brake lights without obstructions. Mitchell also said he had no information to suggest that the condition of any lights on the trailer had anything to do with the accident.

In her deposition, Chambers testified that she was "an arm's length" behind Horton when she collided with his trailer. At such a short distance,

we find it difficult to believe that any brake lights on the trailer, functioning or not, would have prevented this accident.

There are numerous cases in which a defendant breached or may have breached a duty of some kind, but the breach was not found to be causally related to the accident at hand. In *Elee v. White*, 21-0229 (La. App. 1 Cir. 10/21/21), 332 So. 3d 97, *writ denied*, 21-01732 (La. 1/19/22), 331 So. 3d 329, a delivery truck driver stopped, blocking traffic, in order to back his vehicle into the driveway of a store. The plaintiff in that case, seeing the delivery truck blocking the road, had stopped in the roadway when he was rear-ended by another driver who failed to observe the obstruction. Plaintiff sued the rear-ending motorist and the store owner, alleging the store owner had not properly designed its parking lot. The court found the design and layout of the parking lot were not a causal factor in the accident and exonerated the store owner while imposing liability on the rear-ending motorist.

In *Harrington v. Bley*, 12-0149 (La. App. 4 Cir. 7/18/12), 101 So. 3d 64, a motorist ran a red light while turning left across oncoming traffic. The negligence of the motorist was found to be the sole cause of the accident, even though a codefendant construction company was ostensibly negligent for failing to place signs prohibiting left turns at the intersection.

In *Gaspard v. Safeway Ins. Co.*, 14-1676 (La. App. 1 Cir. 6/5/15), 174 So. 3d 692, *writ denied*, 15-1588 (La. 10/23/15), 184 So. 3d 18, a motor vehicle struck a pedestrian in a crosswalk located in the parking area of a Safeway grocery store. The court noted that Safeway had not properly striped the crosswalk and perhaps should have placed a stop sign at the

11

crosswalk, but that those ostensible breaches of duty did not causally relate to the accident. The absence of a stop sign was rendered immaterial because the motorist stopped before entering the pedestrian zone.

In this case, Mitchell's arguments based on Horton's actions and the lack of working lights on his trailer may tend to support a finding of negligence on Horton's part, but they fail to establish that Horton's actions or the condition of his trailer had anything to do with the accident. In other words, Mitchell's case lacks the essential element of causation. This assignment of error lacks merit.

We find that there remain no genuine issues of material fact and that Mitchell failed to demonstrate sufficiently that causation can be proven at trial. Thus, the trial court's grant of appellees' motion for summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, we affirm. The costs of the appeal are assessed to appellant.

**AFFIRMED.**